TERENCE MARTIN *vs.* LUGER FURNITURE COMPANY.

Opinion filed April 16th, 1897.

**Contract of Subscription—Construction.**

Written instrument construed.

Appeal from District Court, Cass County; *McConnell*, J.

Action by Terence Martin against Ferdinand Luger and Peter Luger, co-partners under the firm name of the Luger Furniture Company. Judgment for defendants, and plaintiff appeals.

Reversed.

*John D. Benton*, for appellant.

*Miller & Resser*, for respondents.

CORLISS, C. J. The decision of this case turns upon the construction of a written instrument. The object of the action was to recover the amount of a subscription made by defendants as a bonus to aid the plaintiff in remodeling a building in the City of Fargo. No question touching the validity of the contract sued on is made by the defendants; they contending against their liability on the sole ground that plaintiff had failed to perform a condition precedent. As the facts are undisputed, it is obvious that the only inquiry is whether the agreement requires the performance by the plaintiff of the act which it is admitted was not performed by him. At the time the written subscription was signed by defendants, the plaintiff, as part of the agreement, gave them a written memorandum, and it is the proper construction for this writing which is here involved. It is in the following language: "Fargo, N. D., Jan. 4, 1895. This memorandum is to witness that Luger Furniture Company has this day subscribed $200 towards the payment of a bonus to Terence Martin, or his assigns, for changing and refiting the Argus building, Fargo, N. D., into an hotel, upon the following conditions: That if the said Martin or Robert O'Brien does not furnish said hotel, and if the party that does or may furnish said hotel other than said

Martin or O'Brien does not buy furniture or furnishings from said Luger Furniture Company to furnish said hotel, then the subscription of $200 above named shall be null and void and of no effect; but if the said Martin or O'Brien does furnish said hotel, or if the person who may furnish the same does buy the furniture from the Luger Furniture Company, then said subscription is to be and remain in full force and effect. Terence Martin." The plaintiff himself furnished the hotel, and did not purchase from defendants the furniture used for that purpose. As we read the contract, he was not bound to do so. It was only in the event that persons other than plaintiff or O'Brien should furnish the building that the plaintiff obligated himself to see that the purchases were made of defendants. Obviously they were willing to trust to their ability to secure plaintiff or O'Brien as a customer in case either fitted up the hotel, probably relying on the friendly relations with plaintiff and O'Brien as a ground of hope that they would win with either of them in the competitive struggle to obtain the contract to furnish the hotel building; but whatever thoughts were in their minds, they clearly left themselves entirely unprotected by their contract against the purchase by O'Brien or plaintiff of the necessary furnishings at some other establishment. The provisions of the contract are so clear that we do not feel that any discussion of the question is called for or even warranted. The writing speaks for itself. Its terms are so explicit that no room for construction is left. As the trial court reached a contrary conclusion regarding the true interpretation of the agreement, and therefore directed a verdict for the defendants, we are compelled to reverse the judgment appealed from and order a new trial. All concur.