(77 N. W. Rep. 1001.)

---

TERENCE MARTIN *vs.* LUGER FURNITURE COMPANY.

Opinion filed December 15, 1898.

**Pleading—Amendment—Abuse of Discretion.**

> The authority vested in Courts under the law to allow amendments to pleadings is conferred to promote the ends of justice, and should therefore be liberally exercised by the Courts, and, in cases of reasonable doubt about the propriety of an amendment, the better and safer practice is to allow the amendment to be made. The controlling principle is, or should be, whether a proposed amendment, if allowed, would further the ends of justice. The discretion to allow or refuse amendments to pleadings is a legal, and not an arbitrary, discretion. To arbitrarily refuse to allow an amendment which should be allowed is an improper exercise of judicial discretion.

**Prejudicial Error to Refuse Amendment.**

> Upon the state of facts set out in the opinion, *held*, that the refusal of the trial court to allow a proposed amendment to the answer was prejudicial error.

Appeal from District Court, Cass County; *Pollock*, J.

Action by Terence Martin against Ferdinand Luger and Peter

Luger, co-partners under the firm name of Luger Furniture Company. Verdict for plaintiff. From an order denying a new trial, defendants appeal.

Reversed.

*W. C. Resser* and *John E. Greene,* for appellants.

*Benton & Bradley,* for respondent.

WALLIN, J. This case is now before this Court for a second time. See *Martin* v. *Furniture Co.,* 6 N. D. 351, 70 N. W. Rep. 1134. In the former case, which was reversed, the trial court directed a verdict for the defendants. At the second trial of the action, the court below directed a verdict for the plaintiff. The action is based upon a subscription contract, whereby the defendants agreed in writing with the plaintiff to pay plaintiff the sum of $200, as defendant's part of a subscription to a bonus for the refitting of a certain building to be used as an hotel in the City of Fargo. Defendants admit that they signed the subscription contract, and it is conceded that the plaintiff refitted the building, and converted the same into an hotel, in accordance with the terms of the subscription. The complaint, after setting out the subscription contract, alleged performance thereof on plaintiff's part, and demanded judgment for $200 and interest thereon. The defendants' answer to the complaint, so far as material, is as follows: "Defendants, further answering, allege that, at the time they subscribed the paper mentioned in paragraph 2 of said complaint, the said plaintiff, Terence Martin, as a part of said subscription, and cotemporaneous therewith, and in consideration of the said subscription, promised and agreed with the defendants to purchase of the defendants the furniture and furnishings for the said hotel, and signed, executed, and delivered to these defendants at the same time an instrument, which instrument is in the words and figures following, to-wit: 'Fargo, N. D., January 4, 1895. This memorandum is to witness that Luger Furniture Co. has this day subscribed $200.00 towards payment of a bonus to Terence Martin, or his assigns, for changing and refitting the "Argus Building," Fargo, N. D., into an hotel, upon the following conditions: That if said Martin, or Robert O'Brien, does not furnish said hotel, and if the party that does or may furnish said hotel, other than said Martin or O'Brien, does not buy furniture or furnishings from said Luger Furniture Co. to furnish said hotel, then the subscription of $200.00 above named shall be null and void, and of no effect. But if said Martin or O'Brien does furnish said hotel, if the person who may furnish same does buy the furniture from said Luger Furniture Co., then said subscription is to be and remain in full force and effect. Terence Martin.' That, relying upon the promise of the said plaintiff that he would purchase the necessary furniture and furnishings for said hotel of defendants, the defendants were induced by the said plaintiff to subscribe the said sum of $200.00, and said subscription was made solely upon the said representations and promises of the said plaintiff that he, or the

person who did furnish the said hotel, would buy the furniture and furnishings for the said hotel of the defendants, and not otherwise. That the said plaintiff did furnish the said hotel building, but, wholly neglecting and disregarding his said promise and agreement with the defendants, the said plaintiff bought of other dealers than the defendants herein the furniture and furnishings for the said hotel. Wherefore defendants demand that they be dismissed hence, with their costs." At the first trial, the District Court ruled that the memorandum set out in the answer was a contemporaneous writing, relating to the subject-matter of the subscription contract, and as such was to be construed as part and parcel of the subscription contract, and, so construing it, the District Court held that the same was a stipulation which released the defendants from their obligation to pay the subscription, in the event that plaintiff did not purchase the furniture for the hotel of the defendants, or procure some one else to do so. In construing the memorandum, the District Court at the first trial held that plaintiff, who, as is conceded, had furnished the hotel himself, and had not purchased any part of the furniture of the defendants, could not recover, and accordingly directed a verdict in favor of the defendants. On appeal, this Court took an opposite view of the memorandum, and ruled that the same did not, when properly construed, release the defendants from their obligation to pay the subscription upon the event of the failure of the plaintiff to purchase the hotel furniture from the defendants. After the record was transmitted to the court below, other proceedings were taken in the District Court, and the same are embraced in the record now before this Court. From this record it appears that the defendants made three several applications in the court below to amend their answer. These applications were all denied, and the rulings thereon are assigned as error in this Court. In their first application to amend, the defendants sought to so reform said written memorandum as to make it correspond to and support the alleged agreement pleaded in the answer, to the effect that plaintiff agreed unconditionally to purchase the hotel furniture of the defendants, and that such agreement was the sole consideration of the subscription contract entered into by the defendants. This proposed amendment being disallowed, the defendants next applied for leave to amend their answer in such a way as to wholly eliminate therefrom said written memorandum. This was also denied, and subsequently the defendants sought to amend in manner and form as they had offered in their first application to amend. This offer was also overruled, and the case went to trial on the original pleadings, and resulted in a directed verdict in favor of the plaintiff, after excluding defendants' oral evidence. A new trial being denied, the defendants appeal from the order denying the same.

The question presented upon said assignments of error is whether such refusals to allow the amendments to the answer were a proper exercise of the discretion vested in the trial court with respect to the allowance or disallowance of amendments to pleadings. It is

elementary that the granting or refusing to grant amendments to pleadings is a matter lying largely within the discretion of the trial court; but it is equally well settled that such discretion means a legal, and not an arbitrary, discretion.   See *Stringer* v. *Davis,* 30 Cal. 318, and *Smith* v. *Water Co.,* 14 Cal. 201.   And this Court has recently held that an improper refusal to allow the plaintiff to amend his complaint was, under the circumstances of the case cited, an abuse of discretion.   See *Anderson* v. *Bank,* 5 N. D. 80, 64 N. W. Rep. 114.   The general rule governing the allowance of amendments to pleadings has been well stated by Chief Justice Sawyer, in *Kirstein* v. *Madden,* 38 Cal. 162, in the following language:   "From oversight of counsel, committed under pressure of business, pleadings are often defective.   In such cases, when an offer to amend is made, at such a stage in the proceedings that the other party will not lose an opportunity to fully present his whole case, amendments should be allowed with great liberality."   In *Hayden* v. *Hayden,* 46 Cal. 334, the Court say:   "Undoubtedly, courts should be liberal in allowing amendments, to the end that cases may be fully and fairly presented upon their merits, and that equal and exact justice may be done between the parties."   In the light of the well-established priciples enunciated by these cases, it is difficult to understand upon what legal theory the application to amend the answer was denied.   The refusal to permit an amendment of the answer, in its practical effect, precluded all inquiry extraneous to the writings, and this ruling also led to a directed verdict..   It is manifest to this Court that if the original answer had been amended by eliminating therefrom the written memorandum set out in the answer, the issues would have been thereby greatly clarified and broadened; and, as a consequence, the ends of justice would have been promoted by such amendment.   The record discloses that the attitude of the defendants, with respect to the memorandum incorporated in their answer, has undergone a complete and radical change since the same was construed by this Court and the record sent down for a new trial.   Their present attitude is that the memorandum is not a contract at all, for the reason, as defendants claim, that they have in no manner assented to its terms.   If the defendants can establish this claim by competent evidence, the memorandum will be stripped of its character as a contract, and will, in that event, be only an ex parte version of the terms of a certain arrangement confessedly made between the parties concerning the purchase of the hotel furniture, and, as such, would not, if admissible in evidence, be conclusive upon the question of what the arrangement really was touching the purchase of the furniture.   But counsel for the respondent strenuously urge that the defendants are estopped from making their proposed change of attitude with respect to the memorandum, because they have incorporated the same in their original verified answer, and thereby assumed that the same was not only a contract, but one of such a character as was decisive of the case in their favor.   The argument of counsel is that a suitor cannot be

permitted to assume positions in a lawsuit which are directly antagonistic to each other, and that to allow this to be done would, in effect, be to countenance bad faith in a suitor. This position is certainly plausible, and, abstractly considered, is unassailable; but it may, we think, in this case, be answered in part by the fact—as disclosed by the answer—that defendants have not directly alleged that the memorandum embraces the arrangement made by the parties respecting the purchase of the furniture. The answer sets out the alleged arrangement as to the furniture, and then proceeds to aver that the plaintiff "signed, executed, and delivered to these defendants, at the same time, an instrument, which instrument is in the words and figures following, to-wit" (setting out the memorandum). But it must be conceded that the record in the former case does clearly show that the defendants then assumed that the memorandum had the force and effect of a binding contract, and sought to derive an advantage from it as a contract. It is likewise true that this Court, on the first appeal, in construing this memorandum, assumed that it was a contract. This assumption, however, was made by this Court simply because both parties then claimed that the instrument was a contract, and one which was decisive of the case; and not a suggestion was made by either counsel, on the former appeal, to the contrary. The memorandum, as so construed by this Court, when applied to the conceded facts in the record, operated decisively against the interests of the defendants, and practically insured their defeat in the action; and we still adhere to this construction, if the instrument has the force of a contract. To avoid this result, defendants asked leave by an amendment, to eliminate the memorandum from their answer, and thereby lay the foundation to prove that the memorandum in question never was intelligently and consciously assented to by them, and hence never was a contract at all. This request, as we have seen, clearly involved a radical change of front on the part of the defendants, but we are constrained to hold that this change does not necessarily involve bad faith on defendants' part. It should be remembered that not only the defendants, but their counsel as well, assumed that the memorandum signed by the plaintiff, and delivered by him to the defendants, embodied the agreement with respect to the purchase of the furniture which is pleaded elsewhere in the answer. The trial court was of the same opinion, and, acting upon that theory, at the first trial, directed a verdict in favor of the defendants. It was an excusable mistake, therefore, for the defendants to assume, as they did, that the memorandum embodied what they allege to be the true agreement between the parties, and upon this assumption to incorporate the same in their original answer, as was done. It was only when the parties learned that the memorandum, as judicially interpreted. must be construed adversely to the interests of the defendants, that it became necessary for the defendants to show that it was not their agreement. Until construed by this Court, all parties

were content to assume that the instrument should stand as a contract; but the defendants now insist that the true contract is not contained in the memorandum, as now construed, but is distinctly alleged in the answer by averments independent of the memorandum, and that they never assented to the memorandum as a contract, except upon the theory and supposition that the same embodied what they claim is the true contract, as alleged in the answer, by averments therein aside from the instrument itself. The defendants, in their new attitude, contend that the instrument was incorporated in the answer, and relied upon as a defense, under the mistaken idea that the same embodied the true agreement, viz: that pleaded in the answer, by allegations therein distinct from the memorandum. The memorandum is unilateral, and it is not authenticated by the signatures of the defendants. If it is their contract, it became such only by virtue of their assent to its terms, either in words or by their conduct. Whether defendants ever assented to its terms, either orally or by their conduct, is a fact which can only be established by the introduction of evidence of the circumsances and concomitant facts connected with the entire transaction, including the making and delivery of the memorandum. This question, we think, is a question to be determined by a jury under proper instruction from the Court, and, if the fact is established that the memorandum was, without fraud on plaintiff's part, deliberately assented to by the defendants, the duty of construing its provisions will, of course, then devolve upon the Court. But the preliminary and crucial question is whether the terms of the instrument were ever assented to by both parties. It should be kept in view that the action is based wholly upon the subscription contract, which is a separate writing, and that the memorandum pleaded in the answer is only important in so far as it bears upon the matter of the alleged consideration for the subscription contract. Defendants contend and allege that the sole consideration for their subscription was the alleged unconditioned agreement to purchase the hotel furniture of them. Plaintiff's position is that the agreement as to the furniture is contained in the memorandum, which it is admitted plaintiff drew up and signed, and delivered to the defendants. The real controversy, therefore, and the only question left for solution, is as to the terms of the arrangement made by the parties respecting the matter of the furniture. In our opinion, the door should be thrown open so as to allow the fullest investigation of this pivotal question. If the memorandum is a contract, made without fraud, that fact, when ascertained, will practically settle the case in plaintiff's favor. If it is not, the question will then turn upon parol testimony. See 1 Greenl. Ev. (14th Ed.) § 284. In any event, the principel question of fact is for a jury. Under all circumstances surrounding the case, we are of the opinion that it was prejudicial error to refuse to

allow an amendment. to the answer, by eliminating therefrom the memorandum. For this error, the verdict will be set aside, and a new trial awarded. All the judges concurring.