JAMES BARKER v.  JOHN L. MORE AND A. Y. MORE, CO-PARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF MORE BROTHERS.

Opinion filed November 20, 1908.

**Pleading — Amendment or Answer.**

1. An amendment to an answer to conform to the facts in an action for an accounting may be permitted by the trial court, although such amendment is not requested until after the evidence has all been taken.

**Same.**

2. An amendment to an answer may be made, during or at the close of a trial, to conform to the facts proven, unless the defense is thereby substantially changed.

**Assignment — Equitable Mortgages — Subsequent Absolute Conveyance.**

3. Parties to a written assignment of a contract for the sale of real estate, which was made for security purposes, can annul the same and make such assignment absolute by a subsequent contract or assignment.

**Mortgages — Foreclosure — Redemption — Accounting.**

4. An action for an accounting will not lie, in the absence of contract or fraud, to compel a redemptioner from a mortgage foreclosure sale, who thereafter obtained a sheriff's deed under his redemption, to account to the mortgagor for the difference between what was paid on the redemption and the value of the land.

**Equitable Mortgages — Change to Absolute Title.**

5. The evidence considered, and *held* to show that the parties agreed to change an assignment for security purposes to one absolute in form and effect.

Appeal from District Court, Barnes county; *Burke,* J.

Action by James Barker against John L. More and A. Y. More. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Lee Combs* and *J. A. Coffey,* for appellant. *Parks & Olsberg,* for respondents.

MORGAN, C. J.  This is an action for an accounting based on the alleged wrongful surrender and cancellation of a land contract. The action is based upon the following facts: In the year 1896,

the plaintiff, James Barker, and one Adams, entered into a written contract, under the terms of which Adams agreed to convey to the plaintiff 320 acres of land situated in section 9, township 144, range 62, Stutsman county, for the sum of $2,240, upon the crop payment plan. The plaintiff immediately went into possession of said land and caused 270 acres thereof to be broken and cultivated, and he cultivated the same until the year 1902, when he alleges that he was wrongfully dispossessed of said premises. The plaintiff has never resided upon the land in question, but resided on his homestead, situated in section 8 of said township. The plaintiff built a barn upon the land involved in this contract, and built fences upon the same. The barn was of the value of $600, and the total improvements, including the barn and breaking, amounted to about $1,500. The record does not show that the plaintiff has ever paid anything upon said contract by turning over any portion of the crops, as provided for in the contract. In August, 1901, the plaintiff was indebted to Larson & Cooper in the sum of $815.50, and at that time he assigned all his interest in the contract to that firm to secure the payment of that sum. Larson subsequently assigned his interest in the contract to Cooper, and Cooper thereafter assigned all his interest in the contract to More Bros., the defendants, for the sum of $450. At the time of the assignment to More Bros. by Cooper, he assigned to them also the debt due from plaintiff to Cooper & Larson, being the debt of $815.50. About that time the defendants also bought some notes from Cooper, which he held against the plaintiff. These were notes given by the plaintiff to the Minneapolis Thresher Company for a separator, and they amounted to about $775. The plaintiff was also indebted to the defendant at that time upon a book account. The assignment from the plaintiff to Larson & Cooper was not absolute, but was given as security for the payment of the debt due from the plaintiff to Larson & Cooper. Before the year 1902, Adams, the owner of the land when he made the contract with Barker, conveyed the land by deed to one Fiero, and said Fiero thereafter conveyed all of said land to one Bond. These defendants, More Bros., thereupon brought an action against said Adams, Bond and Fiero to set aside these deeds, and to compel Adams to convey the land to them, they alleging that Barker had fully complied with all the terms of the contract up to that time, and they offered to comply with the remaining unfulfilled terms thereof.

This action was settled by the parties by the payment to More Bros. of the sum of $1,000. The action was thereupon dismissed, and More Bros. released all their interest in the contract to Bond and Fiero. Under the terms of this settlement, More Bros. also reserved the right to remove the barn from the place, and they turned over and delivered the barn to the plaintiff, who took possession of the same. Before this time, it is claimed by the defendants, and denied by the plaintiff, that plaintiff gave defendants an absolute assignment of the contract for a valuable consideration. The consideration is claimed to have been the sum of $600, the value of the barn turned over, and $1 paid at that time. Prior to this time, plaintiff had mortgaged his homestead several times, and among the mortgages thereon was one to the Garr-Scott Company for $1,400, dated September 28, 1901. The defendants purchased this mortgage on December 30, 1901. One Fuller held a first mortgage on this homestead and foreclosed the same December 5, 1903. From this foreclosure there was a redemption by a subsequent mortgagee, and from the redemptioner of the Fuller foreclosure, the defendants redeemed by virute of the lien held by them as owners of the Garr-Scott mortgage. The defendants paid $2,826.60 to redeem from this prior foreclosure, and did not foreclose their own mortgage. In February, 1905, a sheriff's deed was issued to them by virtue of their redemption certificate. In the year 1896, the land involved in this contract was of the value of $7 per acre. It steadily increased in value, until at the time of the trial it was valued at $28 per acre. Upon these facts, the plaintiff demands an accounting from the defendants, and bases such claim or demand upon the fact that they wrongfully surrendered and asigned the land contract to said Fiero and Bond, by reason of which the land was conveyed to them as innocent purchasers, and that he thereby lost the land. The answer is, in effect, a general denial. The record shows that there was a misunderstanding at the trial as to whether an amended answer had been served. After such misunderstanding had developed, the defendants asked leave to interpose and file an amended answer, and leave was granted to file the same. This amendment was objected to, and the objection is still insisted on. The additional fact sought to be pleaded in the amended answer is that plaintiff assigned all his interest in the contract to them for a valuable consideration, on November 7, 1902, by an instrument absolute in

terms, and that it was expressly agreed and understood between the plaintiff and these defendants at that time that the assignment was absolute in terms, and not as security. After hearing the evidence in the case, the trial court made findings of fact and conclusions of law in favor of the defendants and dismissed the action. The plaintiffs have appealed from such judgment and demand a review of the entire case, under the provisions of section 7229, Rev. Codes 1905.

On the appeal, the plaintiff's contentions are: (1) That it was error to permit the defendants to interpose the amended answer. (2) That, without the amended answer, all evidence as to the assignment of November 7, 1902, was inadmissable. (3) Assuming that the amended answer was properly filed, still the plaintiff should recover judgment for the reason that the assignment of November 7, 1902, was nothing more than an assignment as security, for the reason that the original assignment was no more than an assignment for security purposes.

We will consider these contentions. In reference to the action of the trial court in permitting an amended answer to be served, we think there was no abuse of discretion, and that the plaintiff was in no way prejudiced by the amendment. The complaint alleged that the assignment to Cooper was for security purposes only. The original answer expressly denied that there was any trust relation created by that assignment, and under that allegation and denial it would not have been error to admit proof that the assignment of November 7, 1902, was not a conditional one. However, disregarding entirely the question of the sufficiency of the original answer, we discover no reason why it was prejudicial or erroneous to permit the amendment to be filed to conform to the proof. It was not a different or new defense from that which was foreshadowed by the general denial or answer, wherein there was an express denial of any trust relation growing out of the assignment. The amended answer alleged that fact in more specific terms. The plaintiff did not ask for time to present additional evidence by reason of the amendment, and there was no showing or claim of surprise. The amendment was permissible and directly within the provisions of section 6883, Rev. Codes 1905. The amendment did not substantially change the defense. A wide discretion is reposed in trial courts in allowing amendments.

The plaintiff contends that no new assignment was made by plaintiff on November 7, 1902. One of the defendants and one Bradley testified that there was such an assignment; that it was drawn by Bradley and signed by plaintiff in the presence of Bradley, A. Y. More, and two other persons. More and Bradley gave all the details of the conversation which led up to the assignment. It was based upon a consideration of $1, which was paid over, and upon a promise by More that if they succeeded, in the suit against Fiero, Adams, and Bond, in setting aside the deed from Adams to Fiero, and from Fiero to Bond, that More would turn over to plaintiff the barn, and after the settlement, the barn was actually turned over to the plaintiff. He thereafter accepted the barn pursuant to the contract which was made when the assignment was executed by him. When this assignment was signed by the plaintiff, and it became an unconditional assignment by express terms, the plaintiff was then of the opinion that he had lost the 320 acres of land, for the reason that Adams had conveyed to Fiero, and plaintiff was not then financially able to protect his rights by an action. The legal rights of the plaintiff were then fully explained to him by Bradley and More, and after such explanation he voluntarily executed the assignment, and thereby waived and conveyed away all his rights under the contract. We have no hesitation in saying that the defendants have clearly established that the assignment was made at that time, and that it was an unconditional one. It is true that there is a conflict on this question, but the force of plaintiff's denial of making the second assignment is weakened by his acceptance of the barn from defendants. There is no theory under which he would be entitled to it, unless through this special assignment. Although the written assignment was not produced in court because it could not be found, still secondary evidence of its contents was properly received, and it was based on a sufficient showing. The plaintiff has, therefore, failed to establish that the defendants wrongfully surrendered the assignment to Fiero and Bond, and he has no right to an accounting on that ground.

In reference to the mortgage on the homestead, it is plaintiff's contention that he is entitled to an accounting upon the ground that the defendant sold the land, soon after they redeemed from the Fuller mortgage foreclosure sale, for a sum largely in excess of the sum paid on the redemption added to the amount of the de-

fendant's mortgage. Conceding that the defendant's were benefited financially by the redemption, the plaintiff cannot claim any right or advantage on account of that fact. Up to the end of a year after the sale under the Fuller mortgage, he had a right to redeem therefrom, but he failed to avail himself of that right. After the defendants received a sheriff's deed, the title inured in them absolutely. After the deed issued, plaintiff had no more interest in these premises than he would have had in case he had voluntarily conveyed them to another for a consideration. The defendants did nothing more than to avail themselves of the rights granted by law, and have followed the statutory provisions relating to redemptions. The statute vested them with title to the premises under the deed, to which the plaintiff can claim no interest nor accounting, however large the profits that accrue to the defendants may be. Plaintiff claims that Work et al. v. Braum et al., 19 S. D. 437, 103 N. W. 764, and Sprague v. Martin, 29 Minn. 226, 13 N. W. 34, should be followed in the decision of this case, and he claims that they lay down the law applicable to statutory redemptions that should be applied. The cases are in no way in point. In those cases, the question decided was whether the mortgage or judgment under which the redemption was made was extinguished, or not, by the redemption. In this case, the plaintiff is endeavoring to compel the defendants to account to him for what they had gained through securing absolute title to the land by regular procedure under the redemption statute. The validity of the redemption is in no way questioned, and the present validity or status of the mortgage under which the redemption was made is not at issue. The profits which accrued to defendants are substantially the result of an advance in the values of the land, and are not the result of any wrong on defendant's part.

It is claimed by the plaintiff that he is entitled to an accounting, conceding that the second assignment to the defendants was an absolute assignment in terms and effect. The basis of this contention is that the relations of the contracting parties cannot be changed from what they were when the assignment was originally made. In other words, the contention is that an assignment having been made for security purposes at one time, the security relation cannot be subsequently changed by the agreement of the parties. There is no force in this contention, as applicable to the facts of

this case. It is based upon the erroneous conclusion that the parties to an unexecuted contract in writing cannot change their relations thereto by subsequent agreement in writing. In this case, the assignment was made absolute in terms and effect, by a written assignment based on a new consideration. That the parties had a right to so modify the original contract is too clear for discussion, and the fact that they did change the contract is well established. The assignment having been made absolute, we need not consider what the plaintiff's rights would have been, had the original assignment remained in force.

The judgment is affirmed. All concur.