(125 N. W. 885.)

---

## OCER WEBB v. JOSEPH WEGLEY.

Opinion filed March 3, 1910.

**Pleading — Amendments Liberally Allowed — Discretion of Court.**

     1. Trial courts are vested with a broad judicial discretion regarding the subject of the allowance of amendments to pleadings and the action of the trial court, in permitting amendments, will not be disturbed by this court except in cases of a clear abuse of discretion. Liberality should be shown by the courts in the allowance of amendments where it appears that such amendments will promote the ends of justice.

**Continuance — Discretion.**

     2. Trial courts are vested with a wide discretion in the matter of granting or refusing continuances, and, under the facts in the case at bar, held, that the denial of plaintiff's motion for a continuance of the cause over the term was not error.

**Continuance — Counter Affidavits.**

     3. Certain counter affidavits were received and considered in opposition to plaintiff's motion for continuance. Such affidavits merely tended to show that the motion was not made in good faith.

     Held, that such counter affidavits were admissible for such purpose.

**Trial — Judgment on Directed Verdict — Where No Issue Is Tried Judgment Not Res Judicata — Error Without Prejudice.**

> 4. Plaintiff refused to offer any evidence in support of the allegations of his complaint, and in response to a motion for nonsuit by defendant's counsel the trial court directed the jury to return a verdict in defendant's favor, which direction was complied with, and thereafter a judgment was entered on such verdict.
>
> *Held* error, but without prejudice, as the judgment discloses upon its face that no testimony was introduced, and no issue of fact or law was tried or adjudicated; hence such judgment can form no bar to another action by plaintiff.

Appeal from District Court, Williams County; *Goss,* J.

Action by Ocer Webb against Joseph Wegley. Judgment for defendant, and plaintiff appeals.

Modified and affirmed.

*Aaron J. Bessie* (*Chas. E. Wolfe,* of counsel), for Appellant.

*Engerud, Holt & Frame,* for Respondent.

Fisk, J. The complaint in this action alleges two causes of action; the first for damages for malicious prosecution, and the second for damages for false imprisonment. By his original answer defendant admitted the first four paragraphs of plaintiff's first cause of action, wherein it is alleged in substance that defendant, at the times mentioned, was mayor of the city of Williston, and that in February, 1907, one Smith, acting chief police of such city, at the instigation, advice, and request of defendant, instituted proceedings before the police magistrate, charging plaintiff with the crime of gambling, and also keeping a place for gambling, in violation of the city ordinance, and pursuant to such proceedings plaintiff was arrested on such charges, but that subsequently the same were dismissed, and defendant discharged. Also that at said time the defendant appeared before such magistrate charging plaintiff with the crime of perjury; that a warrant was issued, and plaintiff arrested on such charge and imprisoned for 17 days in the county jail, but that subsequently plaintiff was discharged through habeas corpus proceedings, and such criminal action in all things fully terminated. The remaining allegations of such first cause of action, wherein it is alleged that such criminal proceedings were malicious and instituted without probable cause, and alleging special, as well as general, damages, were expressly denied by such answer, and certain matters, not necessary here to state, are alleged by way of defense to such first cause of action. As to the second cause of action defend-

ant expressly admitted all the allegations thereof, except those relating to damages, which latter allegations were denied. After the jury was impaneled plaintiff moved for judgment on the pleadings as to the false imprisonment charge, asking that the jury be required merely to assess plaintiff's damages. Such motion was denied tentatively, subject to renewal. Thereafter and before any evidence was offered defendant asked leave to serve and file an amended answer changing the issues relative to the falsity of the arrest declared upon. Such amended answer was allowed over objection and exception. Thereafter plaintiff movel for a continuance of the cause over the term, basing his motion upon the ground of the absence of a material witness, one Roberts, and at the suggestion and request of the court plaintiff prepared and furnished an affidavit setting forth reasons why plaintiff deemed a continuance necessary. Such affidavit stated that such witness was in the city of Spokane, and that his testimony could not be procured in time for trial at that term. Such affidavit also sets forth the facts which it is claimed such witness would testify to if present, and without setting forth such facts it is sufficient to say that they are material and relevant to the new issues under the amended answer. The affidavit also states that such matters could not be proved by any other witness. Thereafter defendant was permitted, over objection, to read certain counter affidavits bearing upon the good faith of plaintiff's application for continuance. Such affidavits are as follows, omitting the formal parts:

"Edwin A. Palmer, being first duly sworn, says that he is one of the attorneys for the defendant in the above-entitled action; that on the 17th day of June, 1907, one John W. Roberts appeared before this affiant at Williston, in said county, and voluntarily made, signed, and swore to the annexed affidavit, which is marked 'Exhibit A' and made a part of this affidavitt; that said John W. Roberts was a colored man, commonly known as Bob Roberts in the plaintiff's affidavit for a continuance here; that heretofore, and on or about the 17th day of June, 1907, affiant caused a subpœna to be issued for said Roberts in the above-entitled action as a witness therein, on the part of the defendant; that said subpœna was served upon said Roberts on or about said 17th day of June; that thereafter said Roberts remained in attendance upon this court pursuant to said subpœna for several days, and he then disappeared and neither this affiant nor the defendant, nor any of the attorneys con-

nected with the defense herein, has been able to ascertain the whereabouts of said Roberts until the plaintiff's affidavit for continuance was served upon defendant's attorneys. Edwin A. Palmer.

"Exhibit A: John W. Roberts, being first duly sworn on his oath, says that he is the identical person who, on or about the month of February, 1907, when the Ocer Webb joint was raided and Webb was arrested on a charge of gambling, and who at that time was playing poker with said Webb and others. That on the afternoon of June 17, 1907, the said Ocer Webb, the plaintiff in the action of Ocer Webb v. Jos. Wegley, told affiant that Aaron J. Bessie, his attorney, would pay to the said affiant the sum of $45, and give him a new suit of clothes and buy him a ticket out of the city, if affiant would leave the city at once and not return until after the trial of the case of Ocer Webb v. Jos Wegley, and that this conversation occurred just outside the door of Jack Tolliver's blacksmith shop, and that Jack Tolliver was just inside at the time, and told affiant not to do that but to stick. That affiant further was told by the said Ocer Webb, the same as above, at the house of Webb, while they were drinking a glass of beer, that Webb set up the beer, and that affiant then bought some whisky from the said Webb and paid him 25 cents per drink; that affiant bought four drinks, one for Cy Mathews, one for Al Maderson, one for a fellow that goes by the name of Curley, and one for a man who was a stranger. Then Cy Mathews bought two bottles of beer from the said Webb, and then Al Maderson bought two bottles from the said Webb. That there were others who bought beer at that time from the said Webb, but affiant does not know their names. That the above facts were voluntarily given. John W. Roberts.

"Geo. A. Gilmore, being first duly sworn on his oath, deposes and says: That he was present at all the times referred to in the preceding affiadavit of Edwin A. Palmer, and that he has read the foregoing affidavit of Edwin A. Palmer, and that he has read the foregoing affidavit and understands the contents thereof, and that the same is true of his own knowledge. George A. Gilmore."

Upon such showing a continuance was denied, and counsel directed to proceed with the trial. Plaintiff declined to proceed, and stated that he elected to stand upon the record as already made, whereupon defendant's counsel moved for a judgment of dismissal of the action "with prejudice." Thereafter the court, instead of granting defendant's motion to dismiss the action, directed a jury

· to return a verdict in defendant's favor, which direction was complied with, and thereafter a judgment was entered on such verdict, dismissing the action and adjudging the payment of costs taxed at ·$138.40, from which judgment this appeal is prosecuted.  ·

Appellant's assignments of error, may be grouped under three heads: First, was it prejudicial error to permit the amended answer to be served? Second, did the court err in denying appellant's application for a .continuance? and, third, was the direction of a verdict and the entry of the judgment of dismissal prejudicial ·error?

Our statute (section 6883, Rev. Codes 1905), permitting amendments of pleadings, is very liberal in favor of such amendments. It reads: "The court may, before or after judgment in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party; or by correcting a· mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or pro-·ceeding to the facts proved." If· an amendment is in furtherance of justice, it may be allowed. Trial courts are vested with a broad judicial discretion regarding the subject of the allowance of amendments, and it is firmly established that an appellate court will not interfere with the action of the trial court, except in cases of a. ·clear abuse of discretion. As said by this court in its syllabus to Martin v. Luger Furniture Co., N. D. 220, 77 N. W. 1003: "The authority vested in courts under the law to allow amendments to pleadings is conferred to promote the ends of justice, and should therefore be liberally exercised by the courts, and, in cases of reasonable doubt about the propriety of an amendment, the better and safer practice is to allow the amendment to be made. The controlling principle is, or should be, whether a proposed amendment if allowed, would further the ends of justice. The discretion to ·allow or refuse amendments to pleadings is a legal, and not an arbitrary, discretion. To arbitrarily refuse to allow an amendment which should be allowed is an improper exercise of judicial discretion." From the record in the case at bar we are not prepared to ·say that the trial court abused its discretion in permitting the ·amendment complained of, although no showing of cause therefor ·was made. The original answer, while inartistically framed, clearly

shows on its face that defendant did not intend to admit liability, as numerous alleged defenses are attempted to be pleaded. In deciding this point as above indicated we find ample support in the authorities. Martin v. Luger Furniture Co., 8 N. D. 220, 77 N. W. 1003; Miller v. Perry, 38 Iowa, 303; Brown v. Bosworth, 62 Wis. 542, 22 N. W. 521; Nash v. Adams, 24 Conn. 33; Phœnix Ins. Co. v. Walrath, 53 Wis. 676, 10 N. W. 151; Swift v. Mulkey, 14 Or. 63, 12 Pac. 76.

The contention that error was committed in denying a continuance of the case over the term is, we think, untenable for several reasons. It is not contended that such continuance was rendered necessary by the change in the issues as to the second cause of action. In his affidavit for continuance plaintiff expressly states that he was ready and prepared to try the action upon the merits as to the question of false imprisonment, and had ready for production upon the trial the evidence and testimony necessary to substantiate every fact in issue under said cause of action. Furthermore, the facts set forth in his affidavit, which he swears he will be able to prove by the absent witness Roberts, are material and relevant merely as bearing upon the question of malice on defendant's part in instituting, and causing to be instituted and prosecuted, the several criminal cases, and therefore, admissible upon the first cause of action only. From an inspection of the pleadings it is apparent that no material change was wrought by the amendment upon the issue as to defendant's malice. Paragraph 5 of plaintiff's first cause of action contains the allegation as to want of probate cause and malice in instituting and prosecuting such cases, and the allegations in this paragraph were expressly denied in paragraph 1 of the original answer. Hence it was equally incumbent upon plaintiff to furnish proof of such facts under the original answer as it was to furnish such proof under the pleadings as amended. In other words, no material change was wrought by the amendment as to the issues regarding the first cause of action. Regarding such issues, plaintiff cannot justly complain that he was taken by surprise, and was unable to proceed with the trial by reason of the amendment. Moreover, we think it clear, in the light of the record facts, that the trial court did not abuse his discretion in denying such motion. The court properly received and considered the affidavits presented by defendant in opposition to such motion. They tended to show that appellant was not acting in good faith in asking for such contin-

uance. That they were admissible for such purpose is clear. State v. Belvel, 89 Iowa, 405, 56 N. W. 545, 27 L. R. A. 846; People v. Delacey, 28 Cal. 590, Ogles v. Commonwealth (Ky.) 11 S. W. 816. Other reasons might be assigned by us in support of the ruling complained of but we deem it useless to devote further time to this point.

The only remaining contention of appellant's counsel which we are required to notice is that the court erred in directing the jury to return a verdict and in entering judgment thereon for the dismissal of the action. Respondent's counsel tacitly concede such error, but contend that the same was without prejudice. No evidence having been introduced there was manifestly nothing to be submitted to the jury. As stated by respondent's counsel: "When appellant refused to go forward with his case, there was nothing for the court to do but order a nonsuit." We fully agree with respondent's contention that the action of the court in directing the jury to return the verdict was nugatory and should be disregarded. We are unable to see, however, how the action of the court in this respect was in the least prejudicial to appellant. The judgment as entered upon its face discloses the fact that it was entered on the refusal of plaintiff to introduce any evidence; hence of necessity it discloses, as a matter of law, that no issue of fact or law was tried or adjudicated, and therefore it cannot operate in bar to another action by plaintiff. It is well established that the dismissal of an action, not on the merits, but because plaintiff declines further prosecution of it, operates merely as a nonsuit and constitutes no bar to a subsequent action on the same cause of action. 23 Cyc. 1151, and numerous cases cited; also Id. 1136-1139.

To obviate any future controversy which may arise we deem it proper to direct the trial court to modify its judgment to conform to the views above expressed, and as thus modified the same will be affirmed. No costs on this appeal shall be allowed to either party. All concur.

(125 N. W. 562.)

Note—Affidavit for continuance must state facts to be proven by absent witness, if to get his deposition is the ground for continuance. State v. Murphy, 9 N. D. 175, 82 N. W. 738. In criminal cases, application for a continuance can be heard only in connection with an application for commission to take deposition of absent witnesses, to get which the continuance is sought. Id. Affidavit for continuance, on information and belief, as to what an absent witness will testify to, not giving the source of such informa-

tion, is insufficient. State v. Carroll, 13 N. D. 383, 101 N. W. 317. Affidavit for continuance on account of an absent witness must show that diligence has been futilely exercised to procure his attendance. Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605. Illness of defendant no excuse for continuance, if presence is unnecessary and plaintitff admits what he would testify to. Saastad v. Okeson, 92 N. W. (S. D.) 1072. Affidavit for continuance must show materiality of evidence of absent witnesses, due diligence to procure it, and probable future attendance of witnessess or procurement of their testimony. Stone v. Ch., M. & St. P. Ry. Co., 3 S. D. 330, 53 N. W. 189 It must also show material facts, and affiant's belief of the truth thereof, Gaines v. White, 1 S. D. 434, 47 N. W. 524; Case Threshing Mach. Co. v. Eichinger, 15 S. D. 536, 91 N. W. 82 Evidence of an absent witness must be admissible under the pleadings N. & D. Land & Livestock Co. v. Burris, 10 S. D. 430, 73 N. W. 919. Refusal of continuance for absence of -assistant counsel not error. Chambers v. Modern Woodmen, 18 S. D. 173. In the absence of manifest abuse, judgment will not be reversed for refusal of continuance. Id. To get a continuonce, absence of witness, what he would testify to, materiality of his evidence, diligence to procure, reasonable assurance of his attendance at future trial must be shown. Id. Affidavit for continuance on ground of surprise and inadvertence, must state facts showing wherein plaintiffs were surprised and in what inadvertence consisted. Hood v. Fay, 15 S. D. 84, 87 N. W. 528. Refusing continuance error only for abuse of discretion. Neb. & Dak. Land Co. v. Burris, 10 S D. 430, 73 N. W. 919. Not error to refuse continuance when the testimony to be procured is inadmissible. Id.