# A. M. SHEIMO v. NELS NORQUAL and Mrs. Rose Maddock.

### (153 N. W. 470.)

**Pleadings — amendment — usury — original pleadings — superseded by amended pleadings — error — cured.**

Plaintiff sued upon a $110 note. Defendant answered, alleging usury. Defendant thereupon served amended complaint, alleging that said note should be for $100, but through mutual mistake was made to read $110. Defendant filed amended answer to said amended complaint, generally denying the allegations thereof. No objection was made to the condition of the pleadings at the time of the trial, and during the course thereof the trial court informed the attorney for plaintiff that defendant could rely upon both of the answers filed. At the close of all the testimony, plaintiff moved for a directed verdict, for the reason that the defense of usury was not properly pleaded. Trial court stated that he was not prepared to rule at that time. Before the ruling, application was made by defendant to file an amended answer, incorporating the plea of usury, if the same were not already contained in his pleadings. This motion was allowed, and the plaintiff was offered all the additional time he needed to prepare for trial upon the new answer, which was refused by him, and a demurrer to the amended complaint interposed. This was overruled, and the jury found for the defendant.

1. The court erred in holding that the original pleadings were in effect at the trial, but the same is cured.

**Answer — amendment to — issues raised — time allowed to meet — prejudice.**

2. It was not error to allow the amendment to the answer to be filed under the circumstances of this case, as plaintiff was allowed sufficient time within which to meet the issues, if any change were made therein, and the plaintiff was, therefore, in no manner prejudiced.

Opinion filed June 14, 1915. Rehearing denied July 2, 1915.

Appeal from the County Court of Benson County, *Liles, J.*
Affirmed.

*J. E. Skulstad,* for appellant.

The amended pleadings in a cause, being complete, supersede the original pleadings. By them the issues for trial are presented. First M. E. Church v. Fadden, 8 N. D. 164, 77 N. W. 615.

The service of amended pleadings as of course destroys the issues raised by the original pleadings. 31 Cyc. 366, f. and cases cited.

When a new answer is filed, the former answer is withdrawn, and ceases to be a part of the record. This is true of any pleading. Rev. Codes 1905, § 6682, Comp. Laws 1913, § 7269; Wells v. Applegate, 12 Or. 208, 6 Pac. 770; Hexter v. Schneider, 14 Or. 184, 12 Pac. 668; La Societe Francaise De Bienfaisance Mutuelle v. Weidmann, 97 Cal. 507, 32 Pac. 583; Schneider v. Brown, 85 Cal. 205, 24 Pac. 715; Mott v. Mott, 82 Cal. 413, 22 Pac. 1140; First Nat. Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473.

The court erred in admitting evidence over plaintiff's objection, tending to show usury, because such issue was not presented in the amended answer. Usury must be pleaded. Waldner v. Bowden State Bank, 13 N. D. 609, 102 N. W. 169, 3 Ann. Cas. 847; Yankton Bldg. & L. Asso. v. Dowling, 10 S. D. 540, 74 N. W. 438; Morford v. Davis, 28 N. Y. 481; Manning v. Tyler, 21 N. Y. 568; Gould v. Horner, 12 Barb. 603; Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; 28 Cyc. 1565, and cases cited.

Plaintiff's request of the court, to instruct the jury to disregard any evidence tending to show usury, was proper, and should have been granted. It is for the court to say what is legal evidence. Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; Bliss, Code Pl. ¶ 121; Jasper v. Hazen, 2 N. D. 401, 51 N. W. 583; First Nat. Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473; Hannas v. Hawk, 24 N. J. Eq. 126; Lane v. Losee, 2 Barb. 58; Taylor v. Morris, 22 N. J. Eq. 611; Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000.

The amended answer was of no avail as to the question of usury. The further amendment raised a new defense, and new issues, and should not have been allowed. Rev. Codes 1905, § 6883, Comp. Laws

1913, § 7482; Barker v. More Bros. 18 N. D. 82, 118 N. W. 823; Barnes v. Berendes, 139 Cal. 32, 69 Pac. 491, 72 Pac. 406; Ramirz v. Murray, 5 Cal. 222; Lane v. Beam, 19 Barb. 51, 1 Abb. Pr. 65.

*T. H. Burke* and *E. J. McIlraith,* for respondents.

Where plaintiff's pleading shows on its face that the claim or con- tract is usurious, usury is available as a defense, although not pleaded. 39 Cyc. 1040, and authorities cited.

Under the general issue, or general denial, any evidence is admissible which contradicts, or directly tends to contradict, the allegations of the complaint, which plaintiff must prove, to sustain his case. 31 Cyc. 687, and authorities cited; 39 Cyc. 1056, and authorities cited.

The plaintiff has waived or lost his right to object to the defend- ant's amended pleading, because no timely objection was made, and because he has not shown that he was prejudiced. Wolfinger v. Thomas, 22 S. D. 57, 133 Am. St. Rep. 900, 115 N. W. 101; North Star Boot & Shoe Co. v. Stebbins, 3 S. D. 540, 54 N. W. 593.

An objection on the ground of variance is unavailing, unless the variance is of such a degree as to be a failure of proof. Halloran v. Holmes, 13 N. D. 411, 101 N. W. 310; Meldrum v. Kenefick, 15 S. D. 370, 89 N. W. 863.

The power of amendment may be exercised, in a proper case, to the extent of changing entirely the cause of action, so long as the real controversy between the parties is not fully departed from. Hopf v. United States Baking Co. 21 N. Y. Supp. 589; Wolfinger v. Thomas, 22 S. D. 57, 133 Am. St. Rep. 900, 115 N. W. 101.

Defendant cannot justly claim prejudice, after the liberal action of the court in permitting the case to be reopened for further evidence, if prejudice was claimed. Maloney v. Geiser Mfg. Co. 17 N. D. 195, 115 N. W. 669.

BURKE, J. The plaintiff served his complaint in county court, alleging that the defendants executed and delivered to him their prom- issory note in the sum of $110, with interest at the rate of 12 per cent after date. For answer, defendants admit the execution and delivery of their note for $110; but allege that the note was given to secure the sum of $100 borrowed by defendant, and the charging of interest on the said sum of $110 is usurious, and that the said

charging of the said rate of interest on said note was knowingly done by plaintiff. Defendants admit that they are indebted to plaintiff in the sum of $92. After the service of this answer an amended complaint was served, wherein it was alleged that it was the intention of the parties to said note that the note should be for $100, but by mutual error it read $110, instead of $100. The defendants thereupon filed an amended answer to said amended complaint, which was in effect a general denial. When the case 'was reached for trial, no objection of any kind was made to the condition of the pleadings, and plaintiff was called as a witness to substantiate his theory of the execution of the note. Upon cross-examination, and in refutation of his theory thereof, some reference was made to a bonus. Plaintiff's counsel took exception to this, claiming that usury was not pleaded as a defense. The court thereupon called his attention to ¶ 4 of the original answer, and informed counsel that the case would be tried upon that pleading, as supplemented by the amended answer. At the close of all of the testimony, plaintiff moved for a directed verdict, upon the ground that the only defense interposed, that of usury, was not pleaded in the amended answer. The court stated that he was not prepared to rule at that time, and an adjournment was taken until the next morning. Upon convening, defendants' attorney stated that he still believed the original answer stood, but, if the court ruled otherwise, he would move for leave to file an amended answer; this was allowed, and both the original answer and the amended answer were consolidated into one pleading, whereupon the court denied the motion for a directed verdict. Thereupon plaintiff's attorney moved the court for a certain time within which to reply if a reply in his judgment should be made, or to file a demurrer. Whereupon the following proceedings were had:

The Court: You can ask the court to have the case reopened. How long would it take you to determine?

Mr. Skulstad: If it please the court, I want to demur to this answer.

The Court: What is going to be the ground of your demurrer? You know the statutory grounds for demurrer. Which are you going to urge?

Mr. Skulstad: For the reason that the same fails to set out an action or a defense to the complaint herein.

The Court: You may prepare your demurrer, and the demurrer will be denied. You can file it and put it in the record, and I will deny it without argument. You may prepare the demurrer subsequently, and file it so as to complete the record.

The case was submitted to the jury, who found for the defendant. Plaintiff appeals, alleging two groups of errors:

(1) Appellant alleges that "the court erred in holding, evidently, that the original pleadings were in effect at the trial." As will be gathered from the foregoing statement of facts, the original complaint was upon a promissory note for the sum of $110. This was answered with the plea of usury. Thereupon the plaintiff filed an amended complaint, claiming the note was for $100; but by mistake it had been written $110; and to this an amended answer was interposed, in the nature of a general denial. It was evidently the intention of the defendants that this amended answer should go merely to the new portions of the complaint; that is, it denied that the note was taken by mistake for $10 more than the amount borrowed. During the course of the trial, the trial judge and defendants' attorney clearly apprised plaintiff that this was their understanding of the pleadings. We believe the trial court erred in holding usury to be a plea at the time the ruling was made, but the same was cured as shown in paragraph two.

(2) Error is predicated on the allowance of the amendment to the answer to the amended complaint. We are satisfied that there is no error in this ruling. To begin with, usury was the defense at the beginning of the lawsuit. Defendants never intended to abandon the same, and never gave plaintiff to understand that such defense was abandoned. Filing of the general denial was intended to operate as a supplemental answer, denying the new matter set out in plaintiff's complaint. In this he was mistaken, but it is a circumstance showing lack of prejudice to plaintiff's rights. Section 7482, Comp. Laws 1913, provides that "the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim

or defense, by conforming the pleading or proceeding to the facts proved." A résumé of the holding of this court under this statute will be found in the case of Holler v. Amodt, ante, 11, 153 N. W. 465. From the same it will be noted that the court should show liberality in allowance of amendments, where it appears that the ends of justice will be promoted. Especially in point is the case of Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003. See also Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; Barker v. More Bros. 18 N. D. 82, 118 N. W. 823; Anderson v. First Nat. Bank, 5 N. D. 80, 64 N. W. 114; Finlayson v. Peterson, 11 N. D. 45, 89 N. W. 855. In Martin v. Luger Furniture Co. supra, this court quotes from Kirstein v. Madden, 38 Cal. 162, in the following language: "From oversight of counsel, committed under pressure of business, pleadings are often defective. In such cases, when an offer to amend is made, at such a stage in the proceedings that the other party will not lose an opportunity to fully present his whole case, amendments should be allowed with great liberality." Also from Hayden v. Hayden, 46 Cal. 334: "Undoubtedly, courts should be liberal in allowing amendments, to the end that cases may be fully and fairly presented upon their merits, and that equal and exact justice may be done between the parties." A perusal of the cases cited from our own court shows, beyond any question, that this amendment should have been allowed, because it in no way prejudiced plaintiff's rights, as he was given every opportunity he desired to reopen his case. Courts will not require the idle ceremony of offering the same testimony to the jury that has just heard it. The order is in all things affirmed.