CHARLES A. ATKINS *vs.* MERRICK THREAD COMPANY.

Hampden. Sept. 28. — Oct. 13, 1886. DEVENS & W. ALLEN, JJ., absent.

In an action for personal injuries received by the plaintiff while in the defendant's employ, through the alleged neglect of the defendant to provide the plaintiff with safe and suitable machinery and tools, and to give him suitable and proper instructions as to the manner of doing his work, the judge declined to rule, as requested by the defendant, that, "unless the jury find that the plaintiff was a man of manifest imbecility, their verdict must be for the defendant, because the defendant had a right to assume that the plaintiff would protect himself by whatever precautions were necessary." *Held,* that the defendant had no ground of exception.

TORT for personal injuries received by the plaintiff while in the defendant's employ, through the alleged neglect of the defendant to provide safe and suitable machinery and tools, and

to give suitable and proper instructions as to the manner of doing the work required to be done by the plaintiff at the defendant's mill.

Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows:

After the evidence in the case was all in, the defendant asked the judge to give the following instructions to the jury: "1. If the jury find that the plaintiff had such information or knowledge as would enable him, with a reasonable exercise of care on his part, to do his work with safety to himself, the defendant is not liable, and it makes no difference how, from what source, or when he derived such information or knowledge, whether from the defendant's officers or servants, from a stranger, from previous experience, or from his own perceptions and intelligence. 2. If the jury find that the plaintiff had such information or knowledge, from whatever source derived, as would enable him, with a reasonable exercise of care on his part, to do his work with safety to himself, the defendant was not bound to give him any instructions, and is not liable. 3. If the jury find that the defendant, from anything said or done by the plaintiff when he entered the defendant's employ, had reason to believe that the plaintiff had such information or knowledge as would enable him, with a reasonable exercise of care on his part, to do his work with safety to himself, the defendant was not bound to give him any instructions, and is not liable. 4. If the jury find that the plaintiff, at any time, by word or act, declined or objected to instructions from any of the defendant's officers or servants whose duty it was to give them, and that the defendant's machinery was suitable and proper for the work to be done upon it by the plaintiff, then the defendant is not liable. 5. If the jury find that the accident was caused partly by the plaintiff's own negligence, then it was not in a legal sense caused by the negligence of the defendant. In such case it was caused by both parties, and being the result of a commingling of the negligence of the two parties, the plaintiff cannot recover. 6. Unless the jury find that the plaintiff was a man of manifest imbecility, their verdict must be for the defendant, because the defendant had a right to assume that the plaintiff would protect himself by whatever precautions were necessary."

The judge gave, in substance, the first five instructions requested, and refused to give the sixth.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. K. Hawes*, for the defendant, cited, among other cases, *Russell* v. *Tillotson*, 140 Mass. 201.

*G. M. Stearns & W. W. McClench*, for the plaintiff.

BY THE COURT. It is the duty of a master, who sets a servant to work in a place of danger, to give him such notice and instruction as are reasonably required by the youth, or inexperience, or want of capacity of the servant. This duty is not confined to cases where the servant is "a man of manifest imbecility," and the sixth instruction requested by the defendant was rightly refused.                    *Exceptions overruled.*