| 77 | 458 |
| 80 | 263 |
| 82 | 17 |
| 82 | 18 |

| 77 | 458 |
| 83 | 70 |
| 84 | 79 |

| 77 | 458 |
| 186 | 82 |
| 187 | 400 |

| 77 | 458 |
| 90 | 411 |

SOUTHERN COTTON OIL COMPANY *v.* SPOTTS.

Opinion delivered January 20, 1906.

1. INSTRUCTION—HOW OMISSION CURED.—An omission in an instruction may be supplied by other instructions on the same subject. (Page 461.)

2. MASTER AND SERVANT—ASSUMPTION OF RISK—INSTRUCTION.—An instruction, in an action for personal injuries received by a servant while oiling machinery in motion, that if the foreman directed plaintiff to oil the machinery, and plaintiff requested him to stop the machinery, which the foreman refused to do, but told plaintiff that it was not dangerous, plaintiff would be relieved of any assumed risk in obeying, unless the danger was so patent that no person of ordinary prudence would have obeyed such direction, is erroneous in that it leaves out of consideration the fact that plaintiff might have known and appreciated the danger to which he was exposed. (Page 462.)

3. SAME—RISKS ASSUMED.—Where a servant was acting under the direct commands of the master, and was injured while exposed to danger not incident to his ordinary duty, before he can be said to have assumed such risk, it must be found that he knew of the danger and appreciated it, and it is incorrect to say that "he is chargeable with knowledge of such dangers as he might have known and comprehended by the exercise of ordinary care." (Page 463.)

4. APPEAL—HARMLESS ERROR.—One can not complain of an instruction more favorable to him than he was entitled to under the proof. (Page 463.)

5. MASTER AND SERVANT—NEGLIGENCE—QUESTION FOR JURY.—Where a servant was ordered by his superior to oil moving machinery, and was

injured while so doing, the questions whether the master was negligent in ordering him to do so, and whether the servant was negligent in obeying, were, under the evidence, for the jury. (Page 463.)

Appeal from Jackson Circuit Court; FREDERICK D. FULKERSON, Judge; affirmed.

### STATEMENT BY THE COURT.

The plaintiff, Jim Spotts, brought this suit against the Southern Cotton Oil Company to recover damages for personal injuries sustained by reason of the alleged negligence of the defendant.

The defendant (a foreign corporation) was operating a cottonseed oil mill at Newport, Ark., and plaintiff was in its service as a day laborer. Plaintiff's duties were to perform work of a miscellaneous character about defendant's mill, under the directions of the foreman or superintendent and, among other duties, to keep the machinery oiled.

He received the injuries complained of while oiling certain parts of the machinery while it was in motion, and claims that he did so pursuant to direct command of the foreman; that he requested the foreman to shut down the machinery, which the latter refused to do. This was denied, and the testimony on this point was conflicting. At the time of the injury, plaintiff was oiling the part of the machinery operating what is known as the "boll reel." He had climbed up, and was standing upon the conveyor, several feet above the floor, and was attempting to pour oil into an oil hole on the shaft behind a large cogwheel, called the "crown gear." Engaging the crown gear was a smaller cogwheel or pinion, which was set on a shaft connected with a belt which supplied power to run the boll reel. The plaintiff claimed that on the shaft immediately back of the crown gear, and between it and the bearing into which he was pouring oil, there was a collar which was held in place by a set screw projecting about an inch. His statement as to the injury was that he did not know of the presence of the set screw; that it, as well as the oil hole, was in a dark place behind the crown gear, and that, as he was cleaning out the oil hole preparatory to pouring oil into it, the set screw caught the sleeve of his work coat, threw him against the machinery, and broke his finger, cut his shoulder, and inflicted other injuries.

Plaintiff's testimony is in part as follows:

"The way I got hurt that morning, Mr. Stark passed through there, and said: 'Spotts, how is everything?' And I said: 'It is all right.' He said: 'Keep everything going, and keep oiled up.' He said: 'I smell a hot box; hunt it up and oil it.' He went into the office and stayed about half an hour, came back and said, 'Spotts, hunt that box up, and oil it.' I said: 'All right; I have looked for it, and I can't see which one it is, unless it is the one on the boll reel.' He said: 'By God! for Christ's sake, oil it.' I said: 'You will have to shut down the machinery.' He said: 'Do you think I will shut this down for that little box?' He had always told me to put it there on Sunday, and that Sunday I hadn't worked. After he spoke and told me to get up there and oil it, and I asked him if he would shut down, and he asked me if I was a damned fool to reckon he would shut down the machinery to oil it, I went and got my can, and there was a piece of ladder. I was afraid I would fall on the conveyor. There was a ladder about ten feet high. It was broken. I went up there, and the conveyor ran along, and there was a shaker, and I put my foot on the block, and got up on another conveyor, and didn't notice the set screw."

The defendant denied that there was any set screw at the place named, or that the foreman directed plaintiff to oil the machinery while in motion, and introduced testimony in support of its denial.

The jury returned a verdict in favor of the plaintiff, assessing his damages in the sum of one thousand dollars, and the defendant appealed from the order overruling its motion for a new trial.

*Jno. W. & Joseph M. Stayton,* for appellant.

It was necessary for plaintiff to prove affirmatively, not only the location or existence of the collar and set screw, but that defendant had notice of it, or was negligently ignorant of it. 46 Ark., 555; 44 Ark. 524; 46 Ark. 388; 48 Ark. 333; 54 Ark. 289; 58 Ark. 324; *Ib.* 217; 41 L. R. A. 1, note; 1 Labatt, Master and Servant, 225; 57 Ark. 402; 20 Ark. 600. Such knowledge was a condition precedent to recovery by plaintiff. 1 Labatt, Master and Servant, 1229.

The seventh instruction was erroneous in that it told the jury

that the assurance of safety relieved plaintiff from assuming the risk of oiling the machinery. 1 Labatt, Master and Servant, 1262; 177 Mass. 422; 59 N. E. 65; 76 Fed. 349; 10 Kans. App. 413; 31 W. Va. 142. It withdraws from the jury consideration of the fact that plaintiff might have known the location of the set screw. 57 Minn. 43; 104 Fed. 282; 89 Mich. 249; 47 Minn. 128; 8 Col. App. 541; 169 Mass. 313; 124 Mich. 125; 34 N. Y. Supp. 1089.

*Joseph W. Phillips* and *Campbell & Suits,* for appellee.

The defendant was bound to know all parts of its machinery, and the hazards incident thereto. 46 Ark. 555; 44 Ark. 524; 48 Ark. 333; 1 Labatt, Master and Servant, 255; 92 Fed. 572; 54 Ark. 389; 56 Ark. 206; 77 Am. Dec. 212; 59 Am. Rep. 80; 15 Am. St. Rep. 298.

The court properly submitted the issues to the jury, and correctly instructed them. 58 Ark. 131; 52 Ark. 517. As to instruction 7, see 48 Ark. 333; 56 Ark. 206.

McCULLOCH, J., (after stating the facts.) The defense put forth by the defendant was that the manner of the plaintiff's injury was one of the ordinary dangers connected with and incident to the service which he was employed to perform, and that by virtue of his employment he assumed the risk; or that the injury resulted directly from the negligence of the plaintiff. Numerous exceptions were saved to the giving of instructions asked by the plaintiffs, and the refusal of certain instructions asked by the defendant. We do not deem it necessary to set forth and discuss all the instructions asked or given. The court correctly put the case before the jury upon the issue of negligence of defendant and contributory negligence on the part of the plaintiff.

Counsel for appellant especially complain at the following instruction, on the question of assumed risk, given on motion of plaintiff:

"7. If you find from the evidence that the foreman or superintendent directed plaintiff to oil the machinery while in operation, and the plaintiff requested him to stop the machinery for such purpose, and the foreman or superintendent refused to do so, but told plaintiff that it was not dangerous, or that he would not get hurt, then plaintiff would be relieved of any

assumed risk, and would not be guilty of contributory negligence in obeying such direction, unless the danger was so patent that no person of ordinary prudence and care would have obeyed such direction, or unless, in the manner of obeying such direction and oiling said machinery, plaintiff acted as an ordinarily prudent person would not have done under the circumstances."

It is urged that this instruction is defective as a definition of assumption of risk because it leaves out of consideration the fact that plaintiff might have actually known of the location of the set screw and appreciated the danger in oiling the machinery while in motion, even though the danger was not so "patent that no person of ordinary prudence and care would have obeyed such direction." The instruction seems open to this objection, and, standing alone, would have been erroneous. But the deficiency in this instruction is supplied by others on the subject given at the request of appellant.

The court gave the following at the request of the defendant:

"9. If you find from the evidence that the plaintiff was employed to perform certain work and labor about the boll reel, at its oil mill, and one of his duties was to oil its parts, you are instructed that he assumed the ordinary risks incident to this employment and also all dangers which were obvious and apparent; and if he continued in his work having knowledge, or by the exercise of reasonable care might have known the dangers involved, he is deemed to have assumed the risks, and to have waived any claim for damages against the defendant in case of personal injury. The true test is, not whether he did comprehend the danger, but whether he ought to have comprehended it, and he is chargeable with knowledge of such danger as he might have known and comprehended by the exercise of ordinary care; and, though the work of oiling the bearings of the boll reel might have been dangerous, he assumed all dangers and risks incident thereto."

This instruction was more favorable to defendant than the law of the case warrants. The doctrine of assumed risk in such cases is so exhaustively treated in the case of *Choctaw, O. & G. Rd. Co.* v. *Jones, ante,* p. 367, recently decided by this court, and the principles therein announced so completely control

this case, that we do not deem it necessary to renew the discussion here. It is clearly pointed out in the case just cited that the defense of assumed risk is based upon the voluntary and conscious exposure to the danger by the servant. When acting under the direct commands of the master, before the servant can be said to have assumed the risk, it must be found that he knew of the danger and appreciated it. It is not correct to say, in the language of the instruction just quoted, that "he is chargeable with knowledge of such dangers as he might have known and comprehended by the exercise of ordinary care," and assumed all the risk incident to the service he was performing. The instruction would have been applicable to a state of fact where the servant was proceeding in the discharge of his regular duties in the ordinary way, but not where he was proceeding under the command of the master, and in the face of a danger not incident to his ordinary duties. It entirely ignored the claim of plaintiff that he was, under the special direction of the foreman, oiling the machinery while in motion, and was assured by the foreman that it was safe to do so. However, the appellant can not complain that the instruction was more favorable than it was entitled to under the proof.

It is earnestly insisted by counsel for appellant that the evidence is not sufficient to sustain the verdict, but we think it was sufficient. The contention of the plaintiff was that the defendant, through its foreman, was guilty of negligence in sending him up into the moving machinery where, in oiling it according to the command of his superior, his sleeve was caught by the set screw, and the injury resulted in consequence. He testified to the facts in support of this claim, and the jury accepted his contention, and found in his favor. The gravamen of the charge of negligence against defendant was that it sent plaintiff into the moving machinery. The placing of the set screw was not claimed to be an act of negligence, nor is it claimed that the machinery was defective on that account. It was merely one of the conditions of the injury. The master was bound to know of the structural parts of the machinery furnished to the servant, and it was a question for the jury to determine whether it was negligence to send the servant into the moving machinery for the purpose of oiling it. The defendant denied the charge of negli-

gence, denied that plaintiff was directed to oil the machinery while in motion, or that there was any set screw on the shaft. It introduced testimony in support of its contention, but the jury found for the plaintiff against what seems to be a preponderance of the testimony. It was for the jury to find from the evidence whether plaintiff acted under direction of defendant's foreman, and whether it was negligence to do so under the circumstances, whether the set screw was in the position named, and whether the dangers of obeying the orders of the foreman were so obvious and so patent that the plaintiff was guilty of contributory negligence in obeying them. The jury necessarily passed upon all these questions, and we can not say that the evidence was not sufficient to support the finding.

Judgment affirmed.