WARREN VEHICLE STOCK COMPANY v. SIGGS.

Opinion delivered June 14, 1909.

1. MASTER AND SERVANT—ASSUMED RISK.—While as a rule the servant assumes the risks that are ordinarily incident to the service in which he is employed, he does not assume those risks of which, by reason of inexperience or some known physical defect, he does not appreciate the danger. (Page 105.)

2. SAME—NEGLIGENCE IN FAILING TO WARN SERVANT.—A master is guilty of negligence if he employs an inexperienced servant and neglects to caution him as to risks which are not obvious to him, by reason of an infirmity of vision known to the master, though the risks are obvious to one having good eyesight. (Page 106.)

3. SAME—WHEN RISK NOT ASSUMED.—An inexperienced servant, having a defective eyesight, was justified in relying upon the master's assurance that he could safely perform certain service with such defective eyesight, without being held to have assumed the risk thereof. (Page 106.)

4. SAME—EFFECT OF CONTRIBUTORY NEGLIGENCE.—A servant cannot recover for the master's negligence if he was guilty of any negligence which proximately contributed to the injury of which he complains. (Page 107.)

5. SAME—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY.—Where fair-minded men might reasonably draw different conclusions from the evidence as to whether the plaintiff was guilty of contributory negligence, the question was properly submitted to the jury. (Page 107.)

6. SAME—INSTRUCTION.—Where it was a question for the jury whether the plaintiff was guilty of contributory negligence, it was error to instruct the jury that defendant was liable if it was negligent, regardless of plaintiff's contributory negligence. (Page 108.)

Appeal from Bradley Circuit Court; *Henry W. Wells,* Judge; reversed.

*Purcell & Bradham* and *Murphy, Coleman & Lewis,* for appellant.

Before an employee is exempted from the risk incident to a dangerous work on the ground that it was undertaken under the immediate command of his superior, or from contributory negligence under the circumstances in attempting such work, it is necessary (1) that the danger be latent, or exist in consequence of some altered condition of the service caused by the negligence of the master; and (2) the circumstances must be such that the command may be regarded as carrying an implied assurance that it is safe for the employee to obey it. 81 Ark. 343; 77 Ark. 367.

*Herring & Williams,* for appellee.

It is the duty of the master to warn and instruct his servant as to dangers of which he knew, or ought, in the exercise of reasonable care and diligence, to know, and of which the servant has no knowledge, actual or constructive. 26 Cyc. 1165, div. "D;" 39 Ark. 37; 58 Ark. 177; 79 Ark. 23. Appellee's protest against doing the work because it was "dangerous work" was a general statement, which implied no knowledge of the specific dangers involved. Moreover, his positive testimony was that he was inexperienced, and did not know the dangers involved. Other testimony shows that he was awkward from the first, and did not seem to know much about it. 53 Ark. 117. Under the facts in proof it was a question for the jury to say whether he assumed the risk. 115 S. W. (Ark.) 175; 79 Ark. 57.

FRAUENTHAL, J. The plaintiff, Joe Siggs, instituted this suit against the defendant, the Warren Vehicle Stock Company, to recover damages in the sum of $2,500 for a personal injury which he alleged was received by him through the negligence of the defendant, while he was in its employ. The evidence tended to establish the following facts:

The defendant owns and operates a sawmill plant; and on January 6, 1907, it employed the plaintiff to perform various duties about the plant, and for five or six days the plaintiff worked as second off-bearer at the saw, and for three or four days prior to the day of the injury and on the 23d day of January, 1907, the day of the injury, he was employed as first off-bearer at the saw. He was 51 years old, but an awkward and inexperienced workman. He was ignorant of the manner of doing the work of first off-bearer at the saw, and had never done service in that employment before. Some years before the injury involved in this case was received, his eyesight became greatly impaired, so that at the time of the injury herein his sight was very defective. When the defendant's foreman employed him to do the work of first off-bearer, the plaintiff told him that his eyesight was defective, and the foreman assured him that he could do the work safely, and that he only wanted him to do that work for a short time when he would get another man. The evidence also tended to show that the foreman knew of plaintiff's inexperience in the performance of the duties of this work. The plaintiff testified that he

was not instructed as to the manner in which he should do the work of first off-bearer, and that he was not warned of the dangers incident to the work. In the performance of the duties of this work the rule was that the workman should not put his hands within eighteen inches of the saw and should not take hold with his hands of slabs that were as short as six feet; but the plaintiff received no instructions as to this. On the day of the injury the plaintiff was working at a circular saw at the rear of which was a circular splitter. On this occasion six-foot hickory logs were being sawed into slabs, and as a slab was passing through the saw it either got caught between the splitter and saw or was falling, and the plaintiff attempted to take hold of it with his hand. His hand missed the slab and came in contact with the saw, which cut off two of his fingers.

Several instructions were given at the request of the plaintiff, amongst which was the following:

"3. The court instructs you that if you believe by a preponderance of the evidence in this case that plaintiff, Joe Siggs, was employed by defendant, Warren Vehicle Stock Company, through any of its agents having authority to employ laborers, and that he was assigned to perform the services of first off-bearer at defendant's mill plant, and that the said services were attended with great or unusual dangers, and that plaintiff, Joe Siggs, on account of weakness of his eyesight or from any other mental or physical defect, was incapable of detecting and appreciating the dangers and perils incident to the employment, and from weakness of his eyesight or other mental or physical defect he was not conscious of the constant danger he was in, and was not aware of how close he placed his hands to the circular saw, or other dangerous machinery, and that he did not know he was unfit to discharge the duties to which he was assigned, on account of his weak eyes or other infirmity, and that defendant, Warren Vehicle Stock Company, discovered his unfitness to do the work around such dangerous machinery, or could have discovered plaintiff's unfitness for the service by using that amount of care and oversight which a prudent man would exercise in his superintending control over his servants engaged in the discharge of duties attended with great or unusual dangers, and that defendant, after discovering plaintiff's unfitness for the service, or after

it could have discovered his unfitness for the place by a proper exercise of its superintending control over him, in that degree exercised by prudent business men over their servants engaged in duties attended with great or unusual dangers, and did not remove him from the place of danger, nor notify him of his unfitness for the work, and of the danger he was in, but permitted him to remain there, under the circumstances, until he was injured, as alleged in the complaint, on account of defendant's neglect of such duty, then the court instructs you that for such neglect defendant is liable, and it makes no difference if plaintiff was guilty of contributory negligence in the case of his injury under the circumstances."

To the giving of this instruction the defendant duly saved its exceptions. A number of instructions were given at the request of the defendant, amongst which was the following:

"15. The defendant has pleaded that the accident happened by reason of the negligence of the plaintiff himself or his fellow-servants. The law is that one who contributes to his own injury cannot recover damages therefor. If, therefore, you should find from the evidence that the plaintiff was guilty of any negligence at or before and near the time of the injury, which contributed to the injury, your verdict will be for the defendant, even though you may also find that the defendant was also guilty of negligence in regard thereto, provided they did not discover the danger to the plaintiff beforehand in time to prevent the injury."

The jury returned a verdict in favor of the plaintiff for $200; and from the judgment entered thereon the defendant brings this appeal.

It is urged by the defendant that the injury which was received by the plaintiff was due to the risk which is ordinarily incident to the service in which he was engaged, and which was therefore assumed by him; and also that the undisputed evidence shows that the injury was occasioned by the negligence of the plaintiff.

It is true that usually the servant assumes the risks that are ordinarily incident to the service in which he is employed. But this is not true of a servant who, because of his inexperience or some known physical infirmity, does not know or appreciate the dangers of the service. It is the duty of the master to see that the servant is competent for his position. There is an obligation

resting on the master to see that the servant possesses the ordinary mental and physical qualifications which will enable him to do the work without exposing him to greater dangers than the work necessarily entails. If the master knows that the servant by reason of his ignorance or inexperience is unable to appreciate the dangers of the employment, it is his duty to give him such instructions and warning of the dangers incident to the work as will reasonably enable such servant to understand the duties of the work required and its perils.

As is said by Judge BATTLE in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Inman,* 81 Ark. 591: "It would be a breach of his duty to expose a servant who by reason of his youth or inexperience is not aware of or does not appreciate the danger incident to the work he is employed to do or the place he is engaged to occupy, without first giving him such instructions and caution as would, in the judgment of men of ordinary minds, understanding and prudence, be sufficient to enable him to appreciate the dangers and the necessity for the exercise of due care and caution and to do the work safely, with proper care on his part." *Fones* v. *Phillips,* 39 Ark. 17; *Fort Smith Oil Co.* v. *Slover,* 58 Ark. 168; *Ford* v. *Bodcaw Lumber Co.,* 73 Ark. 49; *King-Ryder Lumber Co.* v. *Cochran,* 71 Ark. 55; *Arkadelphia Lumber Co.* v. *Henderson,* 84 Ark. 382; *Arkansas Central Rd. Co.* v. *Workman,* 87 Ark. 471.

The servant does not assume the risks of the employment if by reason of his inexperience he is not acquainted with the dangers that are incident thereto, or by reason of his known physical infirmity he is not able to observe such dangers. What might be obvious and patent to a man whose vision is unimpaired is not necessarily so to a man whose eyesight is very defective. What therefore would be an act of contributory negligence on the part of the one might not under the circumstances of the case be such negligence on the part of the other, if on account of the known physical infirmity the danger was not obvious and patent to him. And therefore, if the master under such circumstances employs such a servant and fails to instruct and warn him, the master is guilty of negligence. *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232; *St. Louis, I. M. & S. Ry. Co.* v. *Touhey,* 67 Ark. 209; *Southern Cotton Oil Co.* v. *Spotts,* 77 Ark. 458; *West-*

*ern Coal & Mining Co.* v. *Burns,* 84 Ark. 74; 1 Labatt on Master and Servant, §§ 240, 252; 26 Cyc. 1177.

In this case there was evidence tending to prove that the defendant knew of the inexperience of the plaintiff to do the work required of him in this employment, and also knew that by reason of his defective eyesight the plaintiff would incur greater perils in the performance of this service at the saw; and with this knowledge the defendant failed to instruct the plaintiff or warn him of the dangers of the service. On the contrary, there is evidence tending to prove that defendant's foreman assured the plaintiff that he could safely perform the service with the defective eyesight. The plaintiff with his inexperience had a right to rely on this assurance that it was safe for him with his defective eyesight to do this work without being held to have assumed the risk thereof. *Fordyce* v. *Edwards,* 60 Ark. 438; *King-Ryder Lumber Co.* v. *Cochran,* 71 Ark. 57; *Dalhoff Construction Co.* v. *Luntzel,* 82 Ark. 82.

Under the circumstances of this case, therefore, we think there was sufficient evidence from which the jury might find that the defendant was guilty of negligence, by reason of which the injury was incurred by plaintiff.

But it is the well settled law of this State that the negligence of the master does not relieve the servant of using due care; and if his own negligence directly contributed to the injury, he cannot recover, although the master was also guilty of negligence. Here there is no doctrine of comparative negligence. If both parties have been guilty of negligence, the law will not undertake to apportion the degree of negligence between them; but if the plaintiff was guilty of any negligence which proximately contributed to the injury, he cannot recover. *Southwestern Tel. & Tel. Co.* v. *Beatty,* 63 Ark. 65; *Walker* v. *Louis Werner Sawmill Co.,* 76 Ark. 436; *Southern Cotton Oil Co.* v. *Spotts,* 77 Ark. 458; *St. Louis, I. M. & S. Ry. Co.* v. *Jackson,* 78 Ark. 100; *Harris Lumber Co.* v. *Morris,* 80 Ark. 261; 21 Am. & Eng. Ency. Law, 498.

In this case the question of whether the plaintiff used due care under the circumstances or was himself guilty of contributory negligence was peculiarly a question for the jury to determine. There was evidence tending to show that the plaintiff did

not use such care as an ordinarily prudent person would have used under similar circumstances, and although with similar impairment of eyesight and inexperience. At least, "fair minded, reasonable and capable men may honestly draw different conclusions from the facts" as to whether the plaintiff was guilty of contributory negligence. Therefore, the question as to whether or not the plaintiff was guilty of contributory negligence should have been submitted to the jury under all the facts and circumstances of the case.

But in the above instruction number 3 given at the request of the plaintiff the court told the jury: "then the court instructs you that for such neglect defendant is liable, and it makes no difference if plaintiff was guilty of contributory negligence in the case of his injury under the circumstances." This was prejudicial error. And the effect of this error was not removed by the giving of the above instruction number 15 at the request of defendant. This latter instruction seems drafted to present the doctrine of negligence on the part of the defendant after a discovered peril. But there is no evidence in the case upon which to base such an instruction; and it was therefore abstract, and should not have been given. It does not present the contrary of the erroneous statement relative to contributory negligence set out in said instruction number 3 given at the request of plaintiff. We find no other error in the case.

On account of the giving of said instruction number 3 on the part of plaintiff, the judgment will be reversed, and the cause remanded for a new trial.