A. J. NEIMEYER LUMBER COMPANY *v.* BRAME.

Opinion delivered December 9, 1918.

1. MASTER AND SERVANT—NEGLIGENCE—QUESTION FOR JURY.—In an action by a servant for injuries occasioned by being pushed by falling lumber and getting his hand caught between a wire cable and the wheel over which it revolved, whether the master was negligent in piling the lumber in the vicinity *held* for the jury.

2. MASTER AND SERVANT—ASSUMPTION OF RISK—QUESTION FOR JURY.— In an action by a boy of sixteen for personal injuries in attempting to follow his foreman between a bull wheel and a pile of lumber, whether he assumed the risk *held* for the jury.

3. MASTER AND SERVANT—SAFE PLACE—INSTRUCTION.—An instruction that if plaintiff, a sixteen-year-old boy, was injured by being "led into a place of unsafety" by his foreman, where there was a defective condition "in close proximity" to a bull wheel over which passed a cable, then plaintiff would be entitled to recover, was defective in not submitting the issue of negligence.

4. MASTER AND SERVANT—EVIDENCE—MATERIALITY.—In an action by a servant for injuries caused by lumber falling and throwing plaintiff against a wheel, it was error to admit evidence that the floor was uneven, there being no evidence that plaintiff stumbled or fell by reason of the condition of the floor.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

*Buzbee, Pugh & Harrison,* for appellant; *J. S. Utley,* of counsel.

1. The testimony wholly fails to establish any actionable negligence on part of defendant.

2. All of the instructions given contain reversible errors. Facts not proved are assumed. Some are abstract and ignore the defense of assumed risk. 104 Ark. 236-245; 58 *Id.* 228; 78 *Id.* 381; 97 *Id.* 180; 90 *Id.* 107;

116 *Id.* 284-291; 101 *Id.* 537-543; 105 *Id.* 209; 99 *Id.* 385, etc.

3.   Irrelevant testimony was admitted.   90 Ark. 107; 105 *Id.* 209; 198 S. W. 120.

*O. H. Winn* and *W. D. Brouse,* for appellee.

The evidence shows negligence.   There is no error in the instructions.   The law is well settled by this court.   The judgment is right and should be affirmed.

McCULLOCH, C. J.   The plaintiff, Simon Brame, asserts that he was employed by the defendant, A. J. Neimeyer Lumber Company, to work in the latter's lumber mill near Little Rock, and that while performing service in the course of the employment he received personal injuries caused by the negligence of defendant, and he instituted this action by next friend against the defendant to recover compensation for his injuries.

The defendant, in its answer, denied that the plaintiff was in its employment at the time of his injury or that there was any negligence on the part of the company which caused or contributed to the injury, but that plaintiff's injury resulted from his own negligent acts while loitering about the mill shed.   Defendant also pleaded assumption of risk on the part of the plaintiff which prevented recovery of damages.

Plaintiff's injury occurred by getting his hand caught between a wire cable and the wheel over which it revolved.   The injury was a severe one, and the jury awarded damages in a very substantial amount.   The wire cable was part of a system used in conveying lumber from the dry kiln to the dry shed for the purpose of distributing the lumber in the stalls.   The shed is about 600 feet long, and the cables run the full length thereof.   The bull wheels over which the cables revolve are situated at the extreme end of the shed away from the dry kiln. There are four cables in each system several feet apart, and the lumber is loaded on these cables and conveyed through the shed and unloaded as it passes through for

the purpose of putting it in the stalls. There are two sets of the cables, each set containing four cables, and one set is used for carrying off two-inch lumber and the other set for carrying off one-inch lumber. The stalls for the lumber under the shed face the sides of the set of cables used in conveying the lumber, there being a space of several feet between the edge of the platform along which the cables run and the front of the stalls.

The contention of the plaintiff, supported by his own testimony, is that he was walking along between the cable platform and the stalls when a large piece of timber being passed along by the cables struck a pile of lumber about four feet high lying against the front of the stalls and knocked down this pile of lumber which struck plaintiff and pushed him over against the bull wheel, and that in this way his fingers were caught between the cable and the rim of the wheel. Plaintiff testified that he had been working in other parts of the mill, but on the day the injury occurred he was laid off by his foreman and was later employed by the shed foreman, who directed him to act as water boy, and that he was walking down through the shed under the orders of the foreman, the latter walking down the passage way about twenty-five feet ahead of him. The allegation of the complaint is that the defendant was negligent in laying insecure piles of lumber in front of the stalls, thus narrowing the passage way between the piles of lumber and the cable, and that the injury was caused by reason of the insecurely piled lumber which toppled over when struck by the piece of lumber being conveyed along the cables. The testimony shows that plaintiff was a boy about sixteen years of age, but had been working at the mill for some time.

The contention of the defendant is that plaintiff was not employed at all at the mill that day, but had been laid off from his work and was loitering in the dry shed and was amusing himself by riding the cables when he fell and his hand was caught in between the cable and the rim of the bull wheel.

There is a general allegation in the complaint that the machinery was defective, but we think that there is no proof to sustain that allegation. It is earnestly insisted by counsel for defendant that the proof does not sustain any of the allegations of negligence, but, after careful consideration, we are of the opinion that there was sufficient testimony to warrant a submission to the jury of the charge of negligence of the defendant in making the passage way between the front of the stalls and the cable platform unsafe by stacking lumber there insecurely. If, as contended by plaintiff, the stacks of lumber were loosely piled and high enough to be struck by pieces of timber conveyed by the cables, and this rendered the narrow passage way between the piles of lumber and the cable platform unsafe for the use of employees in discharging their duties, then it would warrant the jury in finding that there was negligence in this respect which entitled plaintiff to recover if his injury occurred in the way in which he described it.

There are numerous assignments of error with respect to the rulings of the court in giving instructions at plaintiff's request, and we are of the opinion that several of those assignments are well founded. The following instructions given at plaintiff's request, and over defendant's objection:

"1. If you find from the evidence that Isiah Williams employed Simon Brame, and, after such employment, the plaintiff was injured on account of negligence on the part of the employees of defendant, or their failure in using reasonable care to provide a reasonably safe place in which plaintiff was to work, or enter upon his work, then you will find for the plaintiff."

"2. If you find from the evidence that defective conditions existed in close proximity to the bull wheel, and thereby was the direct and proximate cause of injury to the plaintiff, and if you find that he was under the instructions, orders or commands of the foreman or boss plaintiff was led into a place of unsafety and was thereby injured, it is your duty to find for plaintiff."

"3. If you find from the evidence that plaintiff was obeying his foreman or boss, and was tripped or thrown by a piece of timber, which moved suddenly into the path of travel of plaintiff, which he could not have reasonably known was about to trip him or fall against him, or was negligently piled in plaintiff's path, and fell against him, and he was thereby injured, you will find for the plaintiff."

"5. If you find from the evidence that the plaintiff's path of travel and the place of work of the plaintiff was obstructed by lumber being carelessly and negligently stacked, and the duties of the plaintiff to his master required him to pass by, in and about the overstacked lumber, and by reason of the improper manner in which said lumber was piled or stacked, if you find it was carelessly and negligently stacked, fell against and threw or knocked the plaintiff against said lumber, causing him to be thrown into the said dangerous machinery operated negligently, without care and without protection, if you find it was negligently operated, which resulted in the injuries to the plaintiff, you will find for the plaintiff."

Instruction No. 1 was erroneous in excluding the question of assumed risk. Plaintiff was a boy about sixteen years of age, but he had been working at the mill a considerable length of time and was familiar with the situation and the methods of work there. The piles of lumber under the dry shed and the passage way between them and the cable platform were things that were open and obvious to the plaintiff as he passed along through the shed, and, according to the settled principles of law, notwithstanding his youth, if he was fully aware of the situation and appreciated the danger, he is deemed to have assumed the risk. *Arkansas Midland Ry. Co.* v. *Worden,* 90 Ark. 407. The state of the testimony was such that the jury might have found that the plaintiff assumed the risk, and that question should not have been excluded from the consideration of the jury, as was done by the court in instruction No. 1, which told the jury, in substance, that if the plaintiff was employed by the de-

fendant and received injuries by reason of the negligence of the defendant in failing to exercise care to provide a reasonably safe place, the defendant would be responsible for the injury.

Instruction No. 2 was open to the same objection, but it is also erroneous in that it permits a finding against the defendant without negligence being proved. It tells the jury in substance that if plaintiff was injured by being "led into a place of unsafety" where there was a defective condition "in close proximity to the bull wheel" then the plaintiff would be entitled to recover, and the instruction does not submit the issue of negligence to the jury at all.

Instruction No. 3 is also open to both of the objections just referred to. It omits all reference to the question of assumption of risk, and also allows recovery by the plaintiff without proving negligence. It tells the jury that if plaintiff was obeying his foreman and was thrown down by a piece of timber which moved suddenly into his path of travel his right to recover was established, even though there was no negligence.

Instruction No. 5 is erroneous in failing to submit the question whether or not plaintiff was employed to work at the mill that day. The answer tendered an issue on that point and there was a sharp conflict in the testimony. This instruction was also erroneous in ignoring the question of assumed risk.

Other instructions were open to the same objections as herein set forth, but it is unnecessary to make further reference to them.

Testimony was introduced over the objection of defendant tending to show that the floor around the cable platform and bull wheel was cupped up and uneven, and defendant requested the court to give an instruction excluding that evidence from the consideration of the jury on the ground that there was nothing to show that it had anything to do with plaintiff's injury. We think that this assignment of error is well founded, for the testimony of plaintiff does not show that he stumbled or fell

by reason of the condition of the floor, but that he was knocked down or thrown down by the force of the pile of falling lumber. The court erred, therefore, in admitting the testimony and in refusing to give the instructions excluding it from the consideration of the jury.

For the errors indicated the judgment is reversed and the cause remanded for a new trial.