OLE TORGERSON, Respondent, v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, a Corporation, Appellant.

(200 N. W. 1013.)

**Appeal and error — right of appeal is statutory.**

1. The right of appeal is statutory and in the absence of statutory permission an appeal will not lie.

**Appeal and error — order denying motion to strike amended complaint, and for judgment on pleadings, not appealable.**

2. An order denying a motion to strike an amended complaint from the files and for judgment on the pleadings is not appealable.

Note.—(4) Assumption by servant of ordinary risks of employment, see 18 R. C. L 676; 3 R. C. L. Supp. 841; 4 R. C. L. Supp. 1200; 5 R. C. L. Supp. 998.

(8) Duty of master knowing of servant's incapacity, to warn of danger, see 18 R. C. L. 692.

Master and servant — complaint held to state cause of action for negligence.

3. Complaint examined and *held*, for reasons set out in the opinion, that it states facts sufficient to constitute a cause of action for negligence.

Master and servant — servant assumes obvious risks of which he is aware.

4. A servant must be held to assume ordinary risks which are obvious and of which he is or must be held to be aware.

Master and servant — duty of master to warn of obvious danger stated.

5. Whether a danger is obvious and whether there is any duty on the part of the master to warn must be determined in the light of the capacity of the servant and the knowledge of or notice to the master of the servant's incapacity.

Master and servant — ability of infirm servant to appreciate danger for jury.

6. When the servant is infirm and mentally deficient it is for the jury to determine as to whether he has the ability and mental capacity to comprehend and appreciate any danger incident to that which he may be doing at the direction of the master.

Master and servant — servant must appreciate risk.

7. There is no assumption of risk by the servant unless he understands and appreciates or ought to understand and appreciate such risk.

Master and servant — duty of master knowing servant's incapacity to warn.

8. Where the master knows of the incapacity of the servant to understand and appreciate the risks incident to the work the servant is directed to do, it is the duty of the master to warn against such risks as he is aware of or ought to be aware of in the exercise of ordinary care for the servant's safety.

Opinion filed November 17, 1924.

Appeal and Error, 3 C. J. § 29 p. 316 n. 43; § 314 p. 487 n. 26; § 316 p. 488 n. 34; 4 C. J. § 2757 p. 799 n. 3. Master and Servant, 39 C. J. § 408 p. 281 n. 77, 82; § 410 p. 283 n. 8; § 411 p. 283 n. 11, 12; § 602 p. 489 n. 90 New; § 622 p. 514 n. 38, 39, p. 515 n. 40; § 908 p. 705 n. 21; § 929 p. 721 n. 54; § 943 p. 738 n. 73, p. 739 n. 74; § 1175 p. 944 n. 21; § 1384 p. 1203 n. 71 New.

Appeal from the District Court of Ramsey County, *Buttz,* Judge.

From an order denying its motion to strike the amended complaint from the files and for judgment on the pleadings, and from an order overruling its demurrer to the amended complaint, the defendant appeals.

· Affirmed with leave to answer over.

*Traynor & Traynor (John F. Palmer* of counsel), for appellant.

For aught that appears, counsel had knowledge of the (new matter) from the beginning, but for some reason best known to themselves they did not see fit to rely thereon.  .  .  .  The due and timely adjudication of the rights of litigants demands that a cause of action or a defense be submitted as a whole when known and not by piecemeal, otherwise parties not offending as in this case may be eternally harrassed, and the courts constantly engaged in passing upon points raised one at a time in a long course of litigation. We cannot lend our sanction to such a procedure. Where there is an opportunity for full presentation of all the facts in the case, the party relying thereon must make a full disclosure thereof if known to him or suffer for a failure to do so. He cannot be permitted to conceal a part of his action or defense, or to negligently overlook it and thus prolong indefinitely the final settlement of the case. This proposition is so manifestly right that no citation of authority in its support seems necessary. Re Cook (Iowa) 122 N. W. 578.

After, determination on appeal and remand to the lower court, a party will not be allowed so to plead as to open up matters already adjudicated by the appellate court, nor will he be allowed, without showing a sufficient reason therefor, even under the statute, to plead matters which existed and were known at the time of the first trial and might have been pleaded by him. 4 C. J. 1228.

It should be kept clearly in mind that courts and juries go beyond their legitimate sphere by deciding that a fact exists which is contrary to all reasonable probability and that such is the case no matter how many witnesses may testify to the existence of such facts. Stafford v. Chippewa Falls El. Co. (Wis.) 85 N. W. 1040.

.Where the undisputed circumstances show that the testimony of a witness is so improbable or unreasonable that a fair mind must reject it, the court must withdraw such testimony from the jury. Olds v. Hines (Or.) 122 Pac. 716.

Knowledge may be attributed to the employee when it is shown that the thing complained of was of such a character and was so plainly visible to him that no man, exercising those faculties which are given him to guard him from injury can, without stultifying himself, say

that he did not know of its existence and did not appreciate the danger from its continuance. A man is charged with knowledge of that which plainly stands before his eyes. Taylor v. C. R. I. & P. (Iowa) 170 N. W. 388.

A master is not culpable simply because he hires a minor servant for the performance of dangerous duties. 3 LaBatt, Mast. & S. p. 2426.

But unless done with the court's consent a pleading is filed or served too late after the expiration of the time prescribed by statute or rule, and may be stricken out or set aside, or judgment may be moved for, unless the time has been extended by the consent of the parties. 31 Cyc. 597.

Where a pleading is filed out of time, without permission of the court, or agreement of the opposing counsel, it may be treated as a nullity, otherwise acts regulating the time of pleading would be nugatory. State Nat. Bank v. Lowenstein (Okla.) 155 Pac. 1127.

The fact that a demurrer was filed to an original pleading does not operate as a waiver of the right to strike the amended pleading. 31 Cyc. 618.

Even after leave has been granted to file an amended or supplemental pleading, it may be stricken out, in a proper case, after it is filed. For instance, if the amendment was filed too late. 31 Cyc. 617, 633.

A motion to amend a complaint is properly denied when the proposed amendment substantially changes the cause of action. Harrington v. Wilson (S. D.) 74 N. W. 1055.

Where an amended complaint substitutes a new cause of action the proper practice is to move to strike the new complaint from the files on the ground that it states a different cause of action. Groom v. Bangs (Cal.) 96 Pac. 503.

*L. S. Nostdal (Cuthbert & Adamson* and *Knauf & Knauf* of counsel), for respondent.

When the Supreme Court directs that a judgment be modified in certain particulars and as thus modified affirmed, it is the duty of the Court below to modify the original judgment as, and only as, directed and it has no power to make other modifications or changes in such judgment. State ex rel. Wehe v. Frazier, 48 N. D. 381.

In some cases, the power to allow amendments of pleadings, after

remand is made to depend on whether the appellate court determined the case on the merits, amendments not being permissible when it did so determine the case, and being permissible when the case was not so determined. 4 C. J. § 3275.

Amendment of the pleadings in the lower court, after remand, is permissible when the appellate court has determined the case on a question of pleading rather than on the merits. 4 C. J. § 3276.

It is proper for the trial court to allow amendments to the pleadings where, without any specific directions the cause has been remanded generally, or for further proceedings or for a new trial; but it has been held that where appellate court passed upon the merits of the controversy and left nothing for the lower court to do but to enter a judgment of dismissal, it was error to allow the pleadings to be amended. 4 C. J. p. 1227.

NUESSLE, J. This case is now here for the second time. For the opinion on the former appeal see 49 N. D. 1096, 194 N. W. 741. On that appeal the order of the trial court sustaining the demurrer to the complaint was affirmed and the case was remanded "with leave to file and serve an amended complaint within thirty days from date of remittitur." The remittitur went down on July 31, 1923, and on Aug. 28 an amended complaint was served which was again demurred to, and prior to decision thereon a further amended complaint was served, the sufficiency of which is now in question. Neither amended complaint was filed until Nov. 20, 1923. The trial court overruled the demurrer to the amended complaint and denied a motion made by the defendant and appellant to strike the same from the files and for judgment of dismissal. The present appeal is from these two orders. The ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action. The grounds assigned for the motion were that no amended complaint was served and filed within the time prescribed by this court in its mandate, and that even though timely the amended complaint was not within the permission to amend granted by this court or in compliance with its direction as to the nature of the amendment.

The first question that presents itself is as to whether the order denying the motion is appealable.

The right of appeal is statutory and in the absence of statutory permission an appeal will not lie. See Wall v. First State Bank, 49 N. D. 703, 193 N. W. 51; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676. Section 7841 provides what orders shall be reviewable. On inspection of this statute it is at once plain that the order does not come within its terms unless it can be said to involve the merits of the action. This court has heretofore held that an order denying an application for judgment upon the findings of a jury is not appealable. See Persons v. Simons, 1 N. D. 243, 46 N. W. 969. And an order denying a motion for judgment on the pleadings is not appealable. See Wall v. First State Bank, supra. Neither is an order denying defendant's motion to dismiss and granting plaintiff's countermotion for leave to amend the complaint, (Strecker v. Railson, 19 N. D. 677, 125 N. W. 560) nor an order denying a motion to dismiss for nonprosecution (John Miller Co. v. Minckler, 30 N. D. 360, 152 N. W. 664). And while there is some difference among the authorities on the question as to whether an order denying a motion to strike a pleading from the files involves the merits, we are of the opinion that it does not. See Stimson v. Stimson, 30 N. D. 78, 152 N. W. 132 and cases cited; Floody v. Chicago, St. P. M. & O. R. Co. 104 Minn. 132, 116 N. W. 111; Minneapolis Trust Co. v. Menage, 66 Minn. 447, 69 N. W. 224. The order denying the motion to strike and to dismiss is therefore not appealable.

But in any event, we think that there is no merit to the contentions urged by the appellant against the order denying the motion. The remittitur in the former case did not go down until July 31st. The first amended complaint was served on Aug. 28th. It was therefore served within time. True, it was not filed, but from the showing as made it appears that failure to file was an oversight, and it was subsequently filed. We cannot see where the defendant suffered any prejudice by reason of this omission. The trial court saw fit to condone the failure to file and we think that in so doing it was within its discretion. On Nov. 20th a further amended complaint was served and filed. The trial court permitted this to be done and here again we think that there was no abuse of discretion. Appellant contends that this court in its decision on the former appeal limited the right of amendment, and that the amended complaint of November 20th was not within the permission granted. We think that the construction of our former opinion

as urged by the appellant is too narrow.   It must be construed in the light of the statute on amendments, and so construed it warrants the action of the trial court.   The statute on amendments, § 7842, Comp. Laws, 1913 is very liberal.   Wide discretionary powers are given to the trial court to be exercised in furtherance of justice.   Appellant urges that the rule is that where a cause is sent back for a new trial by an appellate court wholly inconsistent amendments may not be allowed. Conceding the correctness of this contention, nevertheless, we think that this case does not contravene the rule.   The amendment complained of does not change the claim sued upon.   The respondent was injured.   He contends that the injury occurred by reason of the negligence of the appellant.   Such was his position in the original complaint; it is his position in the amended complaint here in question. There is no inconsistency between the original cause of action, and that now set out.   There may be an inconsistency as to certain matters pleaded then and now, but not such as to warrant us in saying that there was an abuse of discretion on the part of the trial court in allowing the amendment.   See Holler v. Amodt, 31 N. D. 12, 153 N. W. 465 and cases cited; Sheimo v. Norqual, 31 N. D. 343, 153 N. W. 470; Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003; Lieuallen v. Mosgrove, 37 Or. 446, 61 Pac. 1022.

This brings us to a consideration of the order overruling the appellant's demurrer.   In the first place it is plain that we are limited to a consideration of the pleading itself in determining whether or not the matters therein set out are sufficient to constitute a cause of action. Reference is made in the appellant's brief to certain testimony taken before trial.   We cannot consider such testimony at this time.

On the former appeal we held that the original complaint was subject to demurrer as not setting out facts sufficient to constitute a cause of action.   The substance of that complaint is set out in the opinion. We think, however, that the amended complaint is not vicious in the respects there pointed out and is sufficient on demurrer.   It alleges that respondent was employed as a section hand by appellant; that respondent's eye-sight and hearing were defective, and his mentality affected to such an extent that he could not know and appreciate ordinary dangers; that his physical infirmities and mental deficiency were well

known to appellant; that while so employed by appellant as a section hand he was directed to unload a box-car containing grain doors; that appellant had negligently loaded these doors by piling them crosswise rather than lengthwise of the car; that by reason of such negligence in loading the doors had shifted and were liable when being unloaded to topple over and fall; that respondent was inexperienced in such work; that by reason of his physical and mental infirmities the respondent did not and could not comprehend and appreciate the dangers incident to unloading the same; that the appellant knew the manner in which the doors were unloaded, saw the manner in which they were being unloaded under its direction, and was well aware that they were liable to fall and were dangerous to the respondent who was unaware of the conditions, but notwithstanding, failed to warn respondent of such danger; that as a consequence the doors fell upon the respondent and he was injured.  In the former complaint respondent sought a recovery on account of medical expenses incurred and for damages on account of injuries which affected his sight and hearing; in the present complaint he seeks a recovery on account of medical expenses incurred and for damages on account of injuries which increased and aggravated his defective sight and hearing.  To this extent and to this extent only are the complaints inconsistent.  The appellant contends that the respondent assumed all the risks ordinarily incidental to the work in which he was engaged at the time of the alleged injury; that any dangers which existed and which may have resulted in the injury to the respondent were plainly inherent in the work being done; that they were not extraordinary, but were obvious to the most casual observer, and that they were as well known to respondent as to appellant; that therefore the respondent assumed such risks and no duty devolved upon the appellant to warn.  But it is to be noted that the respondent as the basis for his claim of negligence alleges that his sight and hearing were defective and his mental faculties wanting; that he could see and hear but poorly and with difficulty and that his mentality was such that he could not appreciate any danger that might arise or exist under the conditions as set out; that the appellant knew of these things and knowing them and being aware of the manner in which the work was being done and of the danger incident thereto to one suffering the infirmities as alleged, failed to advise and warn the respondent thereof.

The law with reference to the mutual obligations and rights of master and servant is well established. The law with reference to the matter of assumption of risks by the servant is likewise well established. And it is beyond question that a servant must be held to assume ordinary risks which are obvious and of which he is or must be held to be aware. See Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 309, 122 N. W. 390, and authorities cited. See also, the opinion on the former appeal in this case, supra. As was said there by Mr. Justice Johnson in measuring the complaint by that rule: "When the work is simple and the danger is observable to an ordinarily prudent and careful person, there is no duty to warn. The work of unloading these grain doors was not complicated or difficult. It called for no particular system or rules of procedure; the most inexperienced and unskilled workman, using his eyes and his intelligence, could unload such doors without any instructions or rules to guide him. There was no latent danger inherent in the work or in the piles of doors which any ordinary man could not see and appreciate. To have warned plaintiff that one pile of doors might tumble down if the support of another pile were withdrawn would have been but to call his attention to the operation of a natural law,—the law of gravitation, presumed to be known to him under conditions so obviously commonplace that the average boy would have scorned the warning as alike a reflection upon his intelligence and upon his capacity for ordinary observation. We are constrained to hold that, in the exercise of common observation, any man of ordinary intelligence would understand the situation entirely and appreciate the risk to his person involved in removing the central pile of doors from the car while leaving a pile on each side standing. No warning could have made the danger plainer; the probability that the doors might fall could not be better known or understood by the employer than by the employee; it was obvious to any person having knowledge of elementary natural laws, presumed a common possession of the mass of mankind."

It is the duty of the master to exercise ordinary care for the servant's safety. What constitutes ordinary care varies with the circumstances. What would be ordinary care as regards a mature and experienced adult would not be as regards an inexperienced infant of tender years, and the distinction exists not because of the difference in age but because of the difference in capacity to know and appreciate risk and danger.

51 N. D.—48.

A servant of mature years is presumed to be possessed of normal capacity, physical and mental. Immaturity of years is but notice to the master that the servant may not be possessed of such capacity. It is the incapacity and not the immaturity that is the determining factor. Thus, it follows that whether a danger is obvious and whether there is any duty to warn must be determined in the light of the capacity of the servant and the knowledge of or notice to the master of the servant's incapacity. · Where the servant is infirm and mentally deficient it is a question of fact to be determined by the jury as to whether he has the ability and mental capacity to comprehend and appreciate any danger incident to that which he may be doing at the direction of the master. And where an injury occurs to such an one the vital question is, Did he understand and appreciate or ought he to have understood and appreciated the risk resulting in the injury? If not, there was no assumption of such risk by him. And if the master knew of his incapacity to thus understand and appreciate, then it was the master's duty to warn against such risks as he was aware of, or in the exercise of ordinary care for the servant's safety, he ought to have been aware of. See Umsted v. Farmers' Elevator Co. supra; Dresser's Employers' Liability, §§ 95 and 98; Labatt, Mast. & S. §§ 235, 244, 247 and 1167 and cases cited; Atkins v. Merrick Thread Co. 142 Mass. 431, 8 N. E. 241; Warren Vehicle Stock Co. v. Siggs, 91 Ark. 102, 120 S. W. 412 and note; Mundhenke v. Oregon City Mfg. Co. 47 Ore. 127, 1 L.R.A. (N.S.) 278, 81 Pac. 977.

. We think that the complaint as amended sets out not only the conclusions of the pleader but also the facts upon which they are based and that it is good as against demurrer. The trial court was right in overruling the demurrer. The order must be affirmed with leave, however, to the appellant to answer over.

BRONSON, Ch. J., JOHNSON, CHRISTIANSON, and BIRDZELL, JJ., concur.