HOLBERT v. SLAUGHTER.

5-1117                                      296 S. W. 2d 402

Opinion delivered December 17, 1956.

*J. F. Wallace* and *George E. Pike,* for appellant.

*L. A. Hardin* and *J. M. Smith,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is an action to recover damages for personal injuries sustained by appellee, Horace Slaughter, while working on a rice farm belonging to appellants, F. O. Holbert and W. S. Holbert, and being managed by appellant, Max B. Files. There was a verdict and judgment in appellee's favor for $2,000.

The only contention for reversal is that the evidence is insufficient to sustain the jury's findings that appellee was an inexperienced person and that appellant, Max B. Files, negligently instructed appellee to get into the grain cart in which he was injured. In determining

this issue we must, of course, view the evidence in the light most favorable to appellee.

The only persons present at the time of the incident were appellee and the appellant, Max B. Files. According to the testimony of appellee he was hired by appellants on September 29, 1954, to assist in harvesting the rice crop on the Holbert Farm. The next day appellee and Files began harvesting the rice about 1 p. m. Files was operating the combine and appellee was driving a tractor pulling a grain cart into which the rice was being conveyed from the combine. They had worked two or three hours when a rain cloud came up and the grain cart was pulled to the side of a truck for the purpose of unloading the rice from the cart to the truck before it rained. This operation is performed by means of a power take-off running from the drive shaft of the tractor to an open auger at the bottom of the grain cart which lifts and carries the rice to the truck.

Upon reaching the truck Files threw the power take-off into gear and proceeded to get into the truck to shovel the rice back as it came from the grain cart. It had commenced raining which caused the rice to stick to the sides of the large hopper of the grain cart and prevented it from feeding into the auger at the bottom of the cart. Files told appellee to get into the cart and try to get the rice out. Appellee got into the cart and held to the side with his hands as he tried to push the wet rice with his feet. As he did so, he lost his handhold and slipped with one foot going into the auger which was covered with rice. His foot was so badly mangled that it had to be amputated.

Appellee was 20 years of age at the time of his injury. He had reached the 9th grade in school and served in the U. S. Air Force for a time. While he was reared on a farm and had previously operated tractors and other farm implements, he testified he had never driven a tractor with a grain cart attached to it before and had never previously worked with a grain cart and had not seen inside the cart in question; and that he had never been warned by Files, or anyone else, as to the danger of

getting into a grain cart. Files denied that he ordered appellee to get into the cart and stated he had warned him of the danger of doing so. He also stated the first time he knew an accident had occurred was when he scooped up two of appellee's toes and the bottom of his boot. Other witnesses testified they had previously seen appellee driving a tractor with a grain cart attached to it.

In many cases we have held that where an employee, by reason of his youth or inexperience, does not fully realize or appreciate the danger of a particular service he is directed to perform, it is the employer's duty to give proper instructions and to warn him of patent as well as latent dangers; and that before the inexperienced servant can be presumed to have realized the danger and assumed the risk it must be shown that he was instructed and warned of it. *Arkansas Midland Ry. Co.* v. *Worden,* 90 Ark. 407, 119 S. W. 828; *Ideal Cement Company* v. *Hardwick,* 208 Ark. 163, 185 S. W. 2d 266. Where, as here, there is a sharp dispute in the testimony on such issues, the questions of whether appellee was an inexperienced servant and appreciated the danger of his employment as well as the questions of whether Files negligently directed him to get into the grain cart, or had warned him against it, were for the jury. *Southern Cotton Oil Company* v. *Spotts,* 77 Ark. 458, 92 S. W. 249; *A. J. Neimeyer Lbr. Co.* v. *Brame,* 136 Ark. 564, 207 S. W. 35; *Chickasaw Cooperage Co.* v. *McGraw,* 144 Ark. 138, 221 S. W. 1057; *Woodley Petroleum Co.* v. *Willis,* 172 Ark. 671, 290 S. W. 953; *Pekin Wood Products Co.* v. *Mason,* 185 Ark. 166, 46 S. W. 2d 798. The evidence adduced by appellee is sufficient to sustain the jury's determination of these questions in his favor under instructions which are not questioned, and we find no merit in appellants' assertion that appellee's testimony is contrary to the physical facts, or that it is otherwise insufficient to sustain the verdict.

Affirmed.